RICHARD ROE, casual ejector, and JAMES FITZGERALD tenant in possession, plaintiffs in error, vs. JOHN DOE, *ex dem.* HENRY WILLIAMS and DRED W. PACE, defendants in possession.

[1.] A bond for titles must be proved, before it can be used in ejectment as evidence to show color of title.

[2.] In ejectment, the plaintiff proved the contents of a lost deed by a witness. At the time he had in his pocket an established copy of the deed, but this was not known to the defendant. The defendant moved for a new trial. *Held*, That this was not a sufficient ground for a new trial.

[3.] In ejectment the proof was, that the tenant was living on the lot of land sued for, and had fifteen or twenty acres of it enclosed. The Court told the jury, that under this proof they might find a verdict against the tenant for the whole lot. *Held*, That this charge was no ground for a new trial.

Ejectment, from Stewart county. Tried before Judge Kid-doo, October Term, 1857.

A motion was made for a new trial by the plaintiff in error, who was defendant in the Court below, on the following grounds:

1st. That the Court erred in ruling out the bond from Dred W. Pace to Owen Henry Cravy, which had been transferred as appears on the back of said bond to John Fitzgerald, on the ground that the execution of said bond and said transfer was not proved by either of the subscribing witnesses.

2d. That the plaintiffs proved a copy of the deed from Booth to Pace by Interrogatories, when said plaintiff had in Court an established copy of said lost deed at the time of the trial, which was unknown to defendant.

3d. That the Court erred in charging the jury that if it was proved that the defendant was in possession of any part of the land it was sufficient proof of possession to authorize a recovery of the whole lot, the case being made out in other respects.

4th That the finding of the jury was contrary to evidence.

5th. That the finding of the jury was contrary to law.

In support of the motion the defendant made an affidavit to the effect that he did not know at the time of the trial that the plaintiffs had the established copy of the deed in their possession.

*John R. Spoon*, one of the witnesses, testified: That about the time of the commencement of the suit, in the year 1854, the defendant was living on the lot of land in dispute; that in the year 1844 or 1845, the defendant cleared a small part of the lot adjoining the lot he lived on, by extending his cow-pen over the line so as to take in a small part of this lot, the part so cleared was less than one acre. That in 1846, Owen Cravy, deadened a piece of ground on the lot in question, fifteen or twenty acres, but did not move on the land. In

1847, Owen Cravy moved from the neighborhood, and John Fitzgerald did not claim the land until after Cravy left, nor did he object to Cravy's working the same; that Fitzgerald subsequently built and moved on the said lot, and remained there till he went to Alabama.

The Court refused the motion for a new trial, and ordered that the verdict should stand and plaintiff have judgment thereon.

To this decision of the Court the defendant excepted.

TUCKER & BEALL, for plaintiff in error.

WORRILL, and B. HILL, for defendants in error.

*By the Court.*—BENNING, J. delivering the opinion.

Was the judgment overruling the motion for a new trial right? This is the only question.

Certainly the tenant was not entitled to use the bond, and its transfers, as color of title, without proof of their execution. There can surely be no doubt of this. When a bond, or the transfer of one, is the foundation of a *suit*, the bond or transfer need not be proved, until denied on oath. In other cases, it must be proved in the first instance.

[1.] There is nothing, then, in the first ground of the motion for a new trial.

The second ground was, " that the plaintiff proved a copy of the deed, from Booth to Pace, by interrogatories, when said plaintiff had, in Court, an established copy of said lost deed, at the time of the trial, which was unknown to the defendant."

Are there any degrees in secondary evidence? I think not. *Doe d. Gilbert vs. Ross, 7 Mees and W.* 104.

But it is not even suggested here, that there was any difference between the two copies.

[2.] Obviously, there can be nothing in this ground.

The defendant was living on the lot, and had fifteeen or twenty acres of it enclosed.

It was open to the jury to infer from this, that the defendant claimed the whole lot. And if a person is in possession of a part of a lot by enclosures, &c., and claims the whole of it, he cannot complain, should the verdict, in an ejectment for the lot, be against him for the whole: If, in such case, he is in possession of the whole, the verdict is right; if he is not, the verdict deprives him of nothing—injures him in no way.

[3.] We think, then, that there was nothing in the third ground.

We do not see in what respect the verdict was contrary to the evidence, or contrary to law. Hence, we cannot admit the validity of the remaining two grounds, the fourth and fifth.

We affirm the judgment of the Court below.

Judgment affirmed.