LEVY *v.* MAYOR &C. OF BRUNSWICK, and *vice versa.*

ATKINSON, J. 1. This was an action of ejectment in the fictitious form, and the description of the land sued for in the petition was sufficient.

2. A certified copy of an application for partition of the premises in dispute and the judgment entered thereon within less than seven years from the institution of the action of ejectment, to which neither the plaintiff in ejectment nor any one claiming under him was a party, though the plaintiff in ejectment claimed under one of the parties to the partition proceeding by deed executed and duly recorded prior to the filing of the partition proceeding, was not admissible in evidence for the purpose of showing title out of the plaintiff, or as color of title, and was properly excluded on the ground of irrelevancy.

3. There was no error in ruling out evidence of the attorney of a former owner of the land that he returned it for taxation for such owner after its conveyance by him to the plaintiff in a suit by the latter against the city, which claimed title under tax sales against such former owner.

4. If the plaintiff was entitled to recover from the city, the latter was not entitled to recover from the former, under equitable pleadings, the amount paid by such city at a marshal's sale under a tax fi. fa. in its own favor, and at a sheriff's sale for State and county taxes, at which the city bought, such sales being invalid.

5. Where a city claimed title to land, and for a time was in possession thereof, and subsequently a recovery in ejectment was had against the corporation, it was not entitled to have the court, under equitable pleadings, declare that city taxes of a certain amount might have been assessed on the land for certain years and to recover such amount against the plaintiff, no assessment having in fact been made for such years for taxes on the land.

6. Under the evidence, there was no error in overruling the motion for a *nonsuit*, or in directing a verdict for the plaintiff for the land. But it was erroneous to direct a recovery in favor of the defendant against the plaintiff for municipal taxes never assessed, but claimed by the city as the proper amount of taxes for certain years during which the city claimed title to the land.

7. No other assignment of error in either of the bills of exception requires a reversal.

8. There was no merit in the motion to dismiss the writ of error.

*Judgment reversed in the first case, and affirmed in the second. All the Justices concur.*

SEPTEMBER 20, 1910.

Ejectment. Before Judge Parker. Glynn superior court. May 21, July 27, 1909.

*Twitty & Reese,* for plaintiff.

*Crovatt & Whitfield,* for defendant.