## HUNNICUTT v. CASON et al.

Where in complaint for land it was alleged in the petition that the lot of land for the recovery of which the suit is brought is " number 391 in the first district and second section lying in Cobb County, containing forty acres, more or less, of the rental value of $400.00 per

35

year; . . that Ella Cason died on and in possession of said lot of land on December 20, 1903, and plaintiffs were heirs at law of the named decedent," it was not error for the court to allow an amendment striking from that part of the petition quoted the words "first district" and substituting therefor "eighteenth district," it being alleged that the words "first district" were inserted through the mistake of the stenographer. Such an amendment did not set forth a new cause of action.

No. 2317. MAY 13, 1921.

Complaint for land. Before Judge Blair. Cobb superior court. October 4, 1920.

*Holland & McCleskey* and *Anderson & Roberts,* for plaintiff in error.

*George F. Gober* and *L. H. Foster,* contra.

BECK, P. J. The land sued for is described in the original petition as being "that lot of land No. 391 in the first district and second section lying in Cobb County, containing forty acres of land, more or less, of the rental value of $400.00 per year." It is also alleged that Ella Cason died on and in possession of this lot of land on or about December 20, 1903, and that the plaintiffs together with their father were heirs at law of Ella Cason. At a term of the court subsequent to that at which the suit was filed, the plaintiffs filed amendments to the petition, among them an amendment which strikes from the description of the land as above set forth the words "first district" in the first paragraph of the petition, which is quoted above, so that the petition, with this and other slight changes, was made to read, "that lot of land No. 391 in the eighteenth district and second section of Cobb County, the same being the land whereon Ella Cason resided at the time of her death in 1902 in said county." The amendment was demurred to on the ground that if it was allowed the petition as amended would set forth a new cause of action. The court overruled the objection, and the defendant excepted.

The court properly allowed the amendment. In the case of *Polhill* v. *Brown,* 84 *Ga.* 338 (10 S. E. 921), it was said: "It is assigned as error that the court allowed an amendment to the declaration changing the number of the lot in controversy from 59, as set out in the declaration, to 69. Inasmuch as the deeds under which both the plaintiff and the defendant claimed, and the declaration, described the land as lot number 59 known as the Davis place, or the 'old Davis place,' and as it was shown to the court that the

Davis place was lot number 69 instead of lot number 59, we think the court was right in allowing the amendment." See Powell's Actions for Land, § 115. Plaintiff in error relies especially upon the case of *Venable* v. *Burton,* 118 *Ga.* 156 (45 S. E. 29), and insists that it is parallel to the instant case. The decision in that case was rendered by a divided court; four of the Justices concurred in the decision and two dissented. We do not overrule that case, but will not extend the ruling there made. In that case there was absolutely nothing in the petition to identify the lot first sued for with that described in the amendment, and it was not claimed in the amendment that they were the same, but on the contrary it was admitted that lots 425 and 483 were separate and distinct lots, 483 being the number proposed to be substituted by amendment for 425. In the present case there was some further fact alleged in the petition which tends to show that the lot of land described in the amendment and that in the original petition are the same. In both the amendment and the original petition it is alleged that it was the place upon which Mrs. Ella Cason died about December 20, 1903, or, as is alleged in the amendment, in 1902. This averment may not have been intended as a matter of description, but merely as an averment of fact showing possession in an ancestor at the time of her death, upon which the heirs could rely for recovery. But it can be considered upon the question as to whether or not the plaintiff sued for one lot of land and by amendment seeks to recover an entirely different lot of land. Taking all the allegations together, we think it is manifest that the number of the lot in the original declaration was a mere clerical mistake, which the plaintiffs are seeking to correct by the amendment; and that it is not an intent, after having brought an action to recover one tract of land, to amend so as to make the suit one for the recovery of a different tract of land.

*Judgment affirmed. All the Justices concur.*