### DINSMORE v. HOLCOMB.

HILL, J. 1. Considered in connection with the allegations of the petition as amended, as to description of the land sought to be recovered, the last amendment substituting the lot No. 697 for the lot No. 696 was not demurrable upon the ground that it added a new cause of action. Powell on Actions for Land, § 115; *Venable* v. *Burton*, 118 *Ga.* 156 (45 S. E. 29); *Polhill* v. *Brown*, 84 *Ga.* 338 (10 S. E. 921).

2. The action being complaint for land, brought in conformity to the pleading act of 1893 (Acts 1893, p. 56), Civil Code (1910), § 5539, and the defendant in his answer having disclaimed title or possession, and the court having charged to the jury the provisions of the Civil Code (1910), § 4166; if the defendant was entitled to instructions in regard to his contention that "he and his predecessors in title had been in the actual, open, and notorious possession of the strip of land in controversy for a number of years amounting to more than ten years before the bringing of this suit, amounting, as defendant contends, to 35 years continued possession evidenced by cultivation and other acts of ownership," and if the defendant was entitled to an instruction that "constructive possession," such as was defined by the judge in his charge, "would not overcome actual and adverse possession such as the defendant contended that he had had, and under which he had held the land in controversy for a long period of time before the filing of this suit," and as to defendant's contention that "his possession was such that constructive possession on the part of the plaintiff should not extend to and take effect on the strip of land in controversy and defeat the defendant's rights which he might acquire by virtue of his actual possession of the property," a reversal will not be ordered on account of failure to charge specifically as to either of such contentions, in the absence of timely and appropriate written requests for instructions on those subjects.

3. The petition as amended was a suit for a strip of land in lot No. 697 west of Little River, containing about one acre as included in petitioner's entire tract of 70 acres, more or less. There was a general verdict for the plaintiff. The decree did not accurately describe the land in controversy, and purported to give an indefinite description of plaintiff's entire lot. The verdict is to be construed as referring to the land in controversy as described in the petition as amended, and not

to include the plaintiff's entire tract.  The decree should be no broader than the verdict as thus construed; but as its terms will not extend to any land claimed by the defendant that was not involved in the suit, the inaccuracy in the decree will not furnish any ground of exception to its terms, or authorize a reversal.

*Judgment affirmed.  All the Justices concur.*

No. 6318.  SEPTEMBER 14, 1928.

*J. P. Brooke,* for plaintiff in error.

*G. B. Walker* and *H. B. Moss,* contra.