19220. WRIGHTSVILLE & TENNILLE RAILROAD CO. *v.* BARRETT.

BELL, J. 1. In a suit against a railroad company for damage by fire to certain timber, where the petition alleged that the fire was set out "on the afternoon of September 6, 1925, at about 3 o'clock p. m.," by sparks and live coals escaping from the engine "pulling the south-bound train of the defendant," it was permissible to amend the petition by striking these allegations as to time and the identity of the engine and by inserting in lieu thereof an averment that the fire originated on September 4, 1925, at about 11 o'clock a. m., from an engine pulling a *north-bound* train. The cause of action declared upon was the identical damage or injury to the timber, and an amendment which changed the allegations as to the time of its occurrence and as to the means or instrument with which the defendant caused it was not objectionable as adding a new and distinct cause of action. *Harris* v. *Central Railroad,* 78 *Ga.* 525 (3 S. E. 355); *City of Columbus* v. *Anglin,* 120 *Ga.* 785 (5) (48 S. E. 318); *Venable* v. *Burton,* 118 *Ga.* 156 (45 S. E. 29).

2. Where a witness testified that he saw the particular engine when it passed the point at which the fire originated, and saw some live fire coming out of the smokestack, and that "when the fireman would throw in coal some would blow out the smokestack;" and that they looked to be as large as the witness's finger, and fell in "flakes" on the right of way, and where the evidence in regard to the kind and condition of the spark-arrester tended to show that ignited particles of such description would not escape from an engine equipped with a proper spark-arrester in good condition, there was presented an issue of fact as to whether the engine was equipped with a standard spark-arrester in good condition on the occasion in question. *Southern Ry. Co.* v. *Smith,* 21 *Ga. App.* 814, 818 (95 S. E. 328); *Louisville & Nashville R. Co.* v. *Studdard,* 34 *Ga. App.* 570 (130 S. E. 532); *Southern Railway Co.* v. *Herrington,* 128 *Ga.* 438 (57 S. E. 694).

3. The present suit was in two counts, the plaintiff in each count claiming damage to a separate and distinct tract of timber as the result of distinct acts of negligence on the part of the defendant. The defendant complains of an instruction wherein the court charged the jury in effect that upon proof "that the injury as alleged in the petition took place at the hands of the railroad company," the presumption would then arise that the company was negligent in every particular alleged in the petition. *Held,* that this instruction was not erroneous as against the railway company upon the ground that it gave to the plaintiff the benefit of such presumption as to all acts of negligence as charged in the entire petition, merely upon proof of the injury as alleged in one or either count of the petition. On the other hand, under such charge no presumption would arise against the defendant unless the plaintiff had first established the injury as alleged in *both* counts; and in this view the defendant was favored rather than prejudiced by such instruction.

(*a*) Moreover, the court instructed the jury that the suit was in two counts and constituted virtually two cases, and the excerpt complained of could not reasonably have been understood by the jury as meaning

that upon proof of the damage alleged in *either* count the defendant would be presumed negligent in all the respects alleged in *both* counts.

4. The true measure of damage in a case of this kind "is the diminution in the market value of the realty, unless the value of the trees at the time and place of their being felled, plus the incidental damage to the realty, exceeds the diminution in market value of the land; in which event the plaintiff is entitled to claim the higher measure. See *Central R. Co.* v. *Murray*, 93 *Ga.* 256 (20 S. E. 129) ; *L. & N. R. Co.* v. *Kohlruss*, 124 *Ga.* 250· (52 S. E. 166) ; *Western & A. R. Co.* v. *Tate*, 129 *Ga.* 531 (59 S. E. 266)." *Milltown Lumber Co.* v. *Carter*, 5 *Ga. App.* 344 (2), 349 (63 S. E. 270). The court's instructions on the subject of the measure of damage contained no error as against the defendant.

5. The evidence amply authorized the verdict found for the plaintiff and in the amount awarded; and no material error having been committed during the trial, the judgment refusing a new trial can not be disturbed by this court.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 11, 1929.

*R. M. Daley, J. E. Hyman,* for plaintiff in error.
*E. W. Jordan,* contra.