## 21427. ROBINSON *v.* YARBROUGH.

BELL, J. 1. In a garnishment case in which, by the affidavit to obtain the garnishment, the right was predicated upon a judgment of a certain alleged date, the court did not err in allowing the affidavit to be amended by alleging a different date as the date of the judgment, where the original affidavit alleged other facts besides the date tending to show that the judgment therein referred to was the same as the judgment described in the amendment. *Wrightsville & Tennille R. Co.* v. *Barrett,* 39 *Ga. App.* 612 (147 S. E. 916) ; *Hubbard* v. *Bibb Brokerage Co.,* 44 *Ga. App.* 1 (160 S. E. 539) ; *Stringer* v. *Mitchell,* 141 *Ga.* 403 (2 *a*) (81 S. E. 194) ; *Dinsmore* v. *Holcomb,* 167 *Ga.* 20 (144 S. E. 780) ; *Hunni-*

*cutt* v. *Cason*, 151 *Ga.* 545 (107 S. E. 521), explaining and distinguishing *Venable* v. *Burton*, 118 *Ga.* 156 (45 S. E. 29).

2. Where a defendant in a common-law suit obtained a discharge in bankruptcy, but failed to plead the same as a defense to the common-law action, and judgment was rendered against him therein, he could not excuse his failure to plead the discharge, and thereby invalidate the judgment, upon the ground that the failure to plead such discharge was due to the mere fault or negligence of his attorney. *Phillips* v. *Taber*, 83 *Ga.* 565 (5), 574 (10 S. E. 270); *Phillips* v. *Collier*, 87 *Ga.* 66 (13 S. E. 260); *Tuff* v. *Loh*, 38 *Ga. App.* 526 (144 S. E. 670). Whether or not the result in the present case should have been different on proof of collusion between the defendant's attorney and the plaintiff in the judgment need not be decided, since there was absolutely no evidence tending to establish such fact.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JANUARY 14, 1932. REHEARING DENIED FEBRUARY 17, 1932.

*John J. McCreary*, for plaintiff in error. *E. F. Goodrum*, contra.

