HARRISON v. DUREN et al.

ATKINSON, Justice. 1. The court did not err in admitting the plaintiffs' deeds in evidence over the objections (a) that the description, being the same in each of the several deeds of the plaintiffs, "did not describe, and could not possibly . . include, the land sued for," and consequently the deeds were irrelevant; (b) that title from the State was not shown by such deeds; (c) that the deeds were not admissible as color of title, "because possession of land under said deeds is not possession of the land sued for. Possession under said deeds never extended beyond the limits of the descriptions in them, that is beyond the limits of a square in the southwest corner of that lot containing exactly 50 acres, which

did not include the land sued for," and therefore the deeds were irrelevant.

2. In the general charge to the jury the court omitted to give the requested instruction: "I charge you in this case that the plaintiffs must recover on the strength of their own title, and not on the weakness of defendant's title." As the jury was in the act of passing from the court-room to consider the verdict, and after they had left the jury-box, the judge then gave them, as a part of his charge, the instruction as requested. *Held*, that the circumstances under which the requested charge was given afforded no ground for new trial.

3. The verdict for the plaintiffs varied from the petition in two particulars: (1) it did not find for the plaintiffs all the land sued for; (2) it purported to find for the plaintiffs other lands not sued for, and which were not in issue either by the petition or the defendant's answer. *Held*: (*a*) The verdict was supported by the evidence so far as it applied to any portion of the land sued for. (*b*) The defendant was not harmed by the failure of the jury to find for the plaintiffs all the land sued for, nor by the fact that the verdict embraced certain lands which were not put in issue by the pleadings of either · party. (*c*) In view of the circumstances the refusal to grant a new trial was· not error requiring a reversal. *Judgment affirmed. All the Justices concur.*

No. 10611. SEPTEMBER 20, 1935.

*Jesse J. Gainey,* for plaintiff in error.
*Alexander & Jones* and *A. M. Lacy,* contra.