28434. MAYOR &c. OF ATHENS v. GREGORY.

SUBMITTED NOVEMBER 16, 1973 — DECIDED FEBRUARY 6, 1974 — REHEARING DENIED FEBRUARY 18, 1974.

*William Lee Preston,* for appellant.

*Erwin, Epting, Gibson & Chilivis, Gary B. Blasingame, Larry V. McLeod, Guy B. Scott, Jr., Rupert A. Brown, Herbert T. Hutto, Jim Hudson,* for appellees.

GRICE, Presiding Justice. This appeal concerns the grant of a writ of possession against the City of Athens as to a sanitary sewer line which it installed across the appellee's property.

This suit in ejectment was filed by Mrs. Dorothy Bradley Gregory in the Superior Court of Clarke County, alleging that the City was in possession of certain land to which she claimed title. She also alleged the yearly value of this property and claimed loss of mesne profits.

The City filed its answer denying the essential allegations and contending in substance as follows: (1) that it was in possession of only a part of the described land on account of the sewer line and that Mrs. Gregory had given her permission to install it there; (2) that valuable improvements had been placed on the land which it was entitled to set off; (3) that the license granted by Mrs. Gregory for the city to install the sewer line across her land was irrevocable due to the expenditure of funds and thus was then an easement; and (4) that Mrs. Gregory granted the City written permission to install the sewer line, which was recorded in the deed records, so that the land should be decreed in equity to be subject to the easement.

The City also filed a third party complaint against (1) named individuals as trustees under the will of Howell C. Erwin, (2) Postero Land and Development Corporation and (3) North Valley Development Corporation as third party defendants.

This complaint alleged in essence that the third party defendants had contracted with the City to deliver whatever conveyances and easements were necessary to give effect to the ownership of the

sewer line; that the legality of one of the easements was then being attacked in the suit in ejectment brought against it by Mrs. Gregory; and that the third party defendants would be liable to the City for whatever sums by way of loss, liability or damages she might recover from it.

The third party defendants filed answers denying any liability to the City. Upon the trial the issue as to mesne profits was eliminated, leaving only the question for determination of title and right of possession. Since no question of damages remained in issue, the trial court directed that the jury return a verdict in favor of all third party defendants. In doing so it stated that the trial court had no jurisdiction in the case to render a judgment in favor of the City against any one or all of them.

The jury found in favor of Mrs. Gregory and thereupon the court issued a writ of possession against the City, which appeals from this judgment and the overruling of its motion for new trial as amended.

We first treat the special grounds of the motion for new trial, as incorporated into the enumerations of error.

■ The City contends that the trial court erred in failing to grant a new trial, urging that the evidence showed that the easement granted was valid as a matter of law and therefore Mrs. Gregory could not recover.

The document signed by her, contended by the City to constitute a valid easement, recites in essential part as follows:

"This indenture, made and entered into this 8th day of Jan. 1969, between Dorothy B. Gregory, Athens, Clarke County, Georgia, (hereinafter called the grantor), and The Mayor and Council of the City of Athens, a municipal corporation of Clarke County, Georgia, (hereinafter called the grantee), Witnesseth:

That the said grantor for and in consideration of the benefits to be derived by it from the grantee's construction of a sanitary and storm sewer line through lands of grantor as *shown by the attached plat,* and in further consideration of the sum of One Dollar ($1.00) to him in hand paid, the receipt whereof is hereby acknowledged, has granted, bargained, sold and conveyed and by these presents does grant, bargain, sell and convey to the said grantee the right to construct and maintain a sanitary sewer line through certain lands of said grantor in said Clarke County, Georgia. The grantor also agrees not to construct any buildings or structures over or within five (5) feet of said sewer line. *The route to be followed by said sewer is more fully described by the plat hereto attached and*

*it is hereby made a part of this indenture.* To have and to hold the herein granted easement unto the said grantee and its successors in fee simple for the purpose of constructing and maintaining a public sanitary sewer as above indicated." (Emphasis supplied.)

There was evidence that no plat was attached to the above document at the time that Mrs. Gregory signed it, when it was returned to the City Engineer, or when it was recorded on August 25, 1969. The plat referred to therein was never recorded and no copies of it existed at the time of trial.

However, the trial court admitted this document into evidence. It also allowed in evidence a plat dated January, 1969, revised, April 1969 and recorded on May 21, 1969, submitted by the City to be the same as the plat referred to in the easement agreement with some later revisions. The objection of Mrs. Gregory to admission in evidence of this plat was overruled upon the ground that the proper foundation had been laid by the testimony of the City Engineer to permit the jury to determine whether it was the same as the one which would have been available to Mrs. Gregory when she signed the document so as to cure any invalidity in the execution of the easement.

The rule is that extrinsic evidence is properly admitted to identify land with certainty where the description in a deed is imperfect, so long as the descriptive words refer to a sufficient key. *Herrington v. Rose,* 225 Ga. 452, 454 (169 SE2d 312) and cits.

Here the court correctly charged the jury as to this principle.

However the jury concluded that the evidence was insufficient and the instrument void, thereby not conveying any easement. This finding was amply supported by the evidence.

It follows that the trial court did not err in refusing to grant a directed verdict in favor of the City, nor in denying the motion for new trial upon this ground.

■ The City next urges that a valid license was granted by Mrs. Gregory and accepted by it, and that it became irrevocable when funds were expended in reliance thereon.

The City correctly argues that a license becomes an easement running with the land, even though granted in parol, where it has been executed by the licensee and in so doing he has incurred such expense that revocation would be harmful. Code § 85-1404; *Cherokee Mills v. Standard Cotton Mills,* 138 Ga. 856 (76 SE 373). However, the terms of the license must be strictly followed and cannot be extended or varied by the licensee. *Augusta & S. R. Co. v. Augusta Southern R. Co.,* 96 Ga. 562, 565 (23 SE 501).

The pertinent facts established in this regard were as follows. In 1969 the third party defendants owned certain tracts of land in Clarke County, Georgia, which they wished to subdivide and develop. They wanted a sanitary sewer line run from these subdivisions to the main trunk line of the City, but it required them to acquire easements from the owners of the other land through which the proposed sewer line would run before the City would install it. The City provided the subdivision owners with easement forms which had been used for a number of years in order for them to procure signed easements from the landowners whose property would be subject to the proposed sewer line. Mrs. Gregory was one of the owners of land through which the line was to run.

L. A. Postero, the President of Postero Land and Development Corporation, testified in essential part as follows: that on January 8, 1969, he telephoned Mrs. Gregory from the City Engineer's Office in regard to an easement that would affect part of her property; that he asked her to "look at this and do us a favor" if she could; that when she asked him how it would affect her property he told her, "Dot, as far as I can tell by the plat, it comes across one corner of your property and then down the line"; that he went directly to her place of business with three easement forms and two plats given him by the City Engineer, which were together in a folder but unattached; that she told him she was very busy and asked him if the proposed sewer line would hurt her property; that he told her there was no way it could; that she said she was too busy to take time to do anything, and to show her where to sign; that thereupon she signed the easement form without reading it; and that he did not think she looked at the plat which was in the folder.

Mrs. Gregory's testimony was in material part the same, except that she swore that when Postero arrived with the easement form she again asked him if the sewer line would interfere with her property and if it would be underground; that he assured her that it would cross about 50 feet of her property underground; and that she signed the form without being shown any plat.

The City Engineer testified that the sewer line actually ran the entire length of Mrs. Gregory's property, 960 feet; that 260 feet of it was above ground; and that the city had expended $7,324.80 in installing it.

Clearly the above evidence was ample to sustain a finding that the terms of any license that Mrs. Gregory intended to grant had been substantially varied. Therefore it was not error for the trial

court to fail to grant the City's motion for new trial upon this ground.

■ The City's contention that the trial court erred in granting a writ of possession against it, because municipal corporations having the right of eminent domain cannot be sued in ejectment nor evicted from property, is not valid.

It has long been the rule that municipal corporations can sue and be sued. No authority has been cited to us which would exclude actions in ejectment. Cf., *Levy v. Mayor &c. of Brunswick,* 135 Ga. 94 (68 SE 1038).

■ The City complains that the verdict and judgment in favor of Mrs. Gregory, granting the writ of possession for the entire premises, should be set aside since she testified that she intended to grant an easement for 50 feet underground.

This contention cannot be sustained.

It is well settled that in an ejectment action a general verdict for the plaintiff for the entire premises, such as that rendered here, is legal even though the defendant occupies and claims only a portion of the land described in the complaint. *Fitzgerald v. Williams,* 24 Ga. 343 (3). See also, *Dinsmore v. Holcomb,* 167 Ga. 20 (3) (144 SE 780); *Harrison v. Duren,* 181 Ga. 103 (3) (181 SE 660).

■ The failure to grant a new trial upon the ground that the trial court should not have excluded testimony concerning the cost of removing the sewer line did not constitute reversible error.

Such evidence was not in issue in the suit here and would necessarily have been purely conjectural until the City had elected which remedy it would pursue; i. e., enjoining the ouster and condemning the property, or removing and relocating the sewer. And in the event the City elected to plug up the sewer line and discontinue service beyond Mrs. Gregory's property there would be no cost of removal.

■ From the foregoing it is apparent that the City could not show any liability in the third party defendants as to cost of removal. The trial court had previously eliminated the issue of mesne profits since Mrs. Gregory failed to show any loss of rentals. Since this was an action for ejectment alone, it was likewise not erroneous to grant a directed verdict in favor of all third party defendants on the issue of liability to the City.

■ The City next contends that the action by the trial court in preparing the form of directed verdict in favor of the third party defendants amounted to an expression of opinion by the court and was substantial error, harmful as a matter of law.

However, the transcript reveals that the formation of this verdict was discussed at length among the judge and counsel for all parties. The court stated that the purpose of such a verdict was to dismiss the third party defendants in such a manner that the issue of liability between them and the City would not be res judicata in a possible subsequent action against these parties by the City.

We find no basis for reversal as to this feature.

■ The remaining enumerations relate to Code § 37-113 regarding which of two innocent persons shall bear loss, the motion for directed verdict and the general and special grounds of the motion for new trial.

The record shows that the verdict and judgment were amply supported by the law and the evidence, and neither demanded a directed verdict in favor of the City nor constituted grounds for a new trial.

*Judgment affirmed. All the Justices concur.*