RIVERS *vs.* THE CITY COUNCIL OF AUGUSTA.

1. A municipal corporation is not liable for damages resulting from a failure on the part of its council to perform, or an improper performance of those powers and duties which are legislative or judicial in their character. For damages resulting from neglecting to perform, or negligence in the performance of those duties which are purely ministerial, it would be liable.

2. There is no sound distinction as to such liability between a failure to pass an ordinance in the first instance and its repeal or suspension after being passed. Therefore, where a city council passed an ordinance forbidding the running at large of cattle in its streets, but subsequently suspended its operation indefinitely, on the ground, among others, that the growth of weeds and grass was too luxuriant for comfort, health and good appearance, one who was gored by a cow running at large in the streets would not have a cause of action against the city.

(*a.*) Nor would the principle be altered by the fact that the owner paid a municipal tax on the cow.

Municipal corporations. Damages. Actions. Before Judge SNEAD. Richmond Superior Court. April Term, 1880.

Reported in the decision.

D. F. MYERS; W. K. MILLER; FRANK H. MILLER, for plaintiff in error.

W. &. T. H. GIBSON; FOSTER & LAMAR, for defendant.

CRAWFORD, Justice.

Mary P. Rivers, a minor child, whilst walking on the sidewalk of one of the streets in the city of Augusta, was set upon and seriously gored by a cow which was running at large in the streets of that city. For the damages which she sustained by reason of this misfortune she brought suit against the corporation.

The allegations were substantially, that under its statutory authority, it had power to pass all ordinances, rules and regulations necessary for the good government, health and safety of the property and persons in said city, and to establish such respecting the streets and sidewalks as to keep them in a safe condition for the use of its citizens, as well as power to abate all nuisances that existed therein. That in 1878 cattle were forbidden the use of the open streets within certain named districts in the city, but that this ordinance was afterwards suspended indefinitely. That by virtue of its police power it was the duty of the city to keep the public streets in a safe condition for travel and the use of its citizens, but being unmindful and neglectful of this duty, did not keep cattle from straying therein, and permitted them to do so without attempting to prevent it. By means whereof the plaintiff, without fault on her part, was injured and damaged by a cow, the property of one Hanson who had paid taxes to the defendant upon her, with its knowledge that she was to be kept within the limits of the city, and roam through its streets at will. That this system of allowing cattle the use of the streets was not reasonably calculated to insure the safety of the people, yet in consideration of the taxes paid the same was permitted, the defendant thereby undertaking to protect the citizens, but which it has failed to do.

To this declaration a demurrer was filed, which was sustained by the court, and the plaintiff excepted.

1. By this writ of error we are brought for the first time

in this state to rule upon the *direct principle* invoked as law in this case.

It is undoubtedly the duty of law-makers to provide for the safety of the persons whose protection is committed to their care, but there are injuries which law cannot prevent, and for which parties suffering cannot recover. Calamities and accidents are common to all, but because they occur, it by no means follows that such as may be so unfortunate are entitled to recover compensation in damages out of some person, either natural or artificial, who may be able to respond, notwithstanding it appears that such impressions are beginning largely to prevail. Casualties, the result of misfortune, or one's own negligence and not that of another, are *damnum absque injuria.*

In the case before us the City of Augusta having the right to pass all laws and ordinances necessary and proper for its government, is charged with liability in damages for injuries suffered by the plaintiff, because of its negligence in allowing cattle to run upon its streets, accepting a consideration therefor in the way of taxes, and this after the exercise of their right to prohibit it; and especially because in suspending this ordinance one of the reasons stated in the preamble was the too luxurient growth of the weeds and grass for the health, comfort and good appearance of the city.

The powers and duties of the City Council of Augusta, under its charter, consist in acts which are legislative or judicial in their nature, and those which are purely ministerial. For a failure to perform the first, or for errors of judgment committed in their performance, the corpotion is not responsible, because they are deemed to be but the exercise of a part of the state's power, and, therefore, under the same immunity.

The rule, however, for the last is different, as damages may be recovered either from the neglect to perform them, or from performing them in an unskilful, negligent,

or improper manner. Thompson on Neg., vol 2,. 731; 20 Ill., 445; 9 N. Y., 459; 1 Sanford, S. C., N. Y., 465.

The adoption of an ordinance in reference to allowing cattle to run at large in the city, is one which is wholly legislative, and therefore discretionary. It is not liable in damages for neglecting, omitting or refusing to notice the subject, or having noticed it, and adopted an ordinance concerning it, then to repeal or suspend it indefinitely. 2 Dillon Mun. Cor., §753.

This, as well as all other matters involving municipal legislation, must depend upon the judgment and wisdom of the council, according to its view of the public necessity or advantage; being an *imperium in imperio*, their acts lay no foundation for damages resulting from erroneous conclusions, and this seems to be the unbroken current of the authorities on the subject.

2. But it was insisted on the argument that so long as a city fails to legislate it is not liable, but when it does, then its liability for damages accrues. We are unable to appreciate this difference.

The case of Hill *vs.* Board of Aldermen of Charlotte, reported in 21 Am. Rep., 451, ruled directly upon a similar point. An ordinance prohibiting the use or exhibition of fire-works was passed, remained of force two or more years, was then suspended from the twenty-fifth day of December to January 1st inclusive, during which time by the firing off of squibbs, fire-crackers, and Roman candles, the plaintiff's house was burned, for which loss he brought suit against the city.

*Held*, that it was within the discretion of the authorities to determine, from time to time,.what ordinances were proper, and that the corporation was not liable to the plaintiff for the destruction of his property.

To hold a municipal corporation after legislation, liable for all damages which might occur in connection with the subject matter thereof, would be contrary to precedent

and authority. Nor would the collection of a tax required by such legislation enlarge the right claimed.

To say that the exercise of the discretionary power by the council would preclude the city from the repeal of an ordinance without leaving behind it a liability for damages, appears to us unsupported by authority. It is true that there are many acts which are discretionary, and may or may not be done; as for instance, to open streets, grade sidewalks, dig sewers, build a bridge, provide water, and many other things for a failure to do which no action lies, how much soever private interests may suffer; yet when the discretion is used, and the work is done, if done so negligently, or unskilfully as to damage other parties, then a right of action lies. But in no case, for the simple exercise of the power itself, disconnected from its negligent or unskilful execution, is the corporation responsible. We think, therefore, that the ruling of the judge below was right and must be sustained.

Judgment affirmed.