## PLANT SYSTEM RELIEF AND HOSPITAL DEPARTMENT v. DICKERSON.

1. In a suit against the "Plant System Relief and Hospital Department," which was averred to be a voluntary association composed of certain named railroad corporations, "and having an office, agent, and place of business" in the county in which suit was brought, this court can not, on a general demurrer filed by said Plant System Relief and Hospital Department, hold that beneficiaries of such association are necessary parties.
2. The plaintiff below, the defendant in error, having sued for damages alleged to have resulted to him from the "gross and inexcusable negligence and want of skill and care" of the physicians and surgeons in charge of the hospitals of the plaintiff in error, in their attention to him, and not having averred that the plaintiff in error did not observe due care in the selection of said physicians and surgeons, the general demurrer should have been sustained.

Argued July 24, — Decided August 14, 1903.

Action for damages.    Before Judge Norwood.    City court of Savannah.    October 29, 1902.

*W. L. Clay* and *W. G. Charlton,* for plaintiff in error.
*Twiggs & Oliver,* contra.

TURNER, J.    S. J. Dickerson brought, in the city court of Savannah, a suit for damages against the Plant System Relief and Hospital Department, which was alleged to be "a voluntary association composed of The Savannah, Florida & Western Railway Company, The Charleston & Savannah Railway Company, The Alabama Midland Railway Company, The Brunswick & Western Railroad Company, The Florida Southern Railroad Company, The San-

ford & St. Petersburg Railroad Company, The Silver Springs, Ocala
& Gulf Railroad Company, The St. Johns & Lake Eustis Railway
Company, The Ashley River Railway Company, The Green Pond,
Waterboro & Branchville Railroad Company, The Tampa & Thono-
tosassa Railroad Company, The Winston & Bone Valley Railway
Company, The Abbeville Southern Railway Company, The South
Florida Telegraph Company, and The Plant Investment Company,"
which said association was averred to have an office, agent, and
place of business in Chatham county, in this State.    Dickerson al-
leged in his petition, that, by being an employee of The Savannah,
Florida & Western Railway Company, he became " a member," or
beneficiary, of said association ; and set forth in an exhibit to his
petition the benefits, rules, and regulations of said association.    He
claimed to have been injured by an accident occurring while he was
in the service of The Savannah, Florida & Western Railway Com-
pany, and that by virtue of his membership, or position as a bene-
ficiary, in said association, he went to its hospital at Waycross for
treatment; that the surgeons and physicians in charge unskillfully
and improperly treated his injury, and on account of such unskillful
and improper treatment, which he characterized as "gross and inex-
cusable," he has become crippled for life, etc., etc.    The return of
the deputy sheriff of Chatham county, as finally amended, was as
follows:    " I have this day served copies of the within writ upon
the defendant corporations by serving same upon W. B. Denham,
Gen'l Supt. C. & Savh. Railway, W. B. Denham, Gen'l Supt. Plant
System Relief and Hospital Department, and W. B. Denham, Gen'l
Supt. Savannah, Florida and Western Railway Company, person-
ally."    Certain amendments, unnecessary to be stated here, were
made to the petition ; and to the amended petition a general demurrer
was filed in the name of the Plant System Relief and Hospital De-
partment, by the attorneys representing the defendant.    The court
below overruled the general demurrer, and the case is brought here
on an assignment of error based on that judgment of the city court.

1. In the brief of counsel for the plaintiff in error it is insisted,
in effect, that all the beneficiaries of said association constituted
the association and should have been sued.    If there was any
merit in this point, we think it should have been raised by spe-
cial demurrer.    *Eagan* v. *Conway,* 115 *Ga.* 130 (6), 135.    In
that case the court said :   " In a summary of points raised by the

general demurrer, counsel for the plaintiffs in error in their brief allude to the fact, as disclosed by the petition, that two of the plaintiffs are minors suing by their next friend. No reason is given, nor argument presented, to show that on that account the petition set forth no cause of action. A general demurrer goes to the merits of the case as shown on the face of the pleadings. It follows that even if the objection raised by counsel is a good one, it is not properly presented for adjudication, but should have been made by means of a special demurrer duly and properly filed in the court below."

2. But whether this association is liable to suit, as such, or not, there does not seem to be a cause of action set out in the petition. It avers that Dickerson was, under his certificate of membership, entitled to participate in all medical, surgical, financial, and other benefits dispensed by said Relief and Hospital Department to its members under its rules and regulations, which rules and regulations are attached as an exhibit to his petition. It contains the further allegation, that, by reason of the failure on the part of said department to furnish him proper medical and surgical aid and treatment while he was confined at its hospitals at Waycross and at High Springs, he has been incapacitated from continuing his employment, and will always remain incapacitated, and that he has been forced to resign his position. It is further averred that it was the duty of the Relief and Hospital Department to furnish petitioner with physicians and surgeons possessed of reasonable skill and knowledge in the practice of medicine and surgery ; that the physicians and surgeons in charge of said hospitals, and working in the same as the officers, agents, servants, and employees of said Relief and Hospital Department, were guilty of gross and inexcusable negligence and want of skill and care in their attention to him, in that they failed to examine properly his injured leg and to discover the supra-condyloid fracture of the left femur, which, because of the great deformity, could have been easily discovered by surgeons of ordinary skill and ability, and in that they failed to set or make any attempt to set the fractured femur, but reduced the dislocation of the knee-joint only, and utterly failed, as aforesaid, to set or treat the fractured femur ; and that, as a result of their failure so to do, the bones of the femur have overlapped and have thus caused an absolute shortening in the left leg of three

fourths of one inch and an impaired movement of the left knee-joint, making it impossible for him to straighten said knee-joint, and thus causing a practical shortening of said left leg of one and one half inches.    There was in this petition no allegation that the said association failed to exercise proper care in selecting these surgeons and physicians.    Without this averment, we do not believe that, under the circumstances of this case and the rules and regulations of this peculiar and unique organization, any recovery could be had for negligence or want of skill in these physicians and surgeons.    Assuming that the association had exercised proper care in the selection of its surgeons and physicians, it would be a great hardship on the large body of persons entitled to the benefits of this association to have its assets depleted by a recovery for damages incurred on account of the errors, mistakes, or even negligence of such physicians and surgeons.    See the following cases cited by counsel for the plaintiff in error: Pittsburg, C. C. & St. L. R. Co. *v.* Sullivan, 27 L. R. A. 840 ; Maine *v.* C., B. & Q. R. Co., 9 A. & E. R. Cas. (n. s.) 299 ; Union Pacific R. Co. *v.* Artist, 60 Fed. Rep. 365, 9 C. C. A. 14 ; Fire Insurance Patrol *v.* Boyd, 15 Atl. Rep. 553 ; Williamson *v.* L. I. School of Reform, 15 Ky. 629 ; Powers *v.* M. H. Hospital, 109 Fed. Rep. 294 ; Laubheim *v.* Netherlands S. S. Co., 13 N. E. Rep. 781 ; Quinn *v.* Kansas City R. Co., 30 S. W. Rep. 1036.

The case of *Georgia Northern Railway Co.* v. *Ingram*, 114 *Ga.* 639, cited by counsel for the defendant in error, does not seem to support his contention.    It does not appear that any point was made in that case as to any omission to allege that the railway company had failed to observe proper diligence in selecting the surgeon who attended Ingram.    The Chief Justice, in deciding that case, said :  " It will be seen . . that the surgeon who is alleged to have been neglectful and unskillful in his treatment of the plaintiff was not himself sued, but the suit was brought against the railway company."    The opinion of the court in that case proceeded upon the question as to the burden of proof, and it was decided that the plaintiff did not make out his case under this burden.    For this latter reason a new trial was granted.    The question discussed in this branch of the present case was neither made nor considered in that case.    The association did not in its contract insure against the errors or mistakes or negligence of its surgeons and physicians.

Into such a contract it did not enter. The employer generally is not responsible for torts committed by his employee when the latter exercises an independent business, and in it is not subject to the immediate direction and control of the employer. Civil Code, § 3818.          *Judgment reversed.    All the Justices concur.*