36788. HOSPITAL AUTHORITY OF HALL COUNTY *et al.*
*v.* SHUBERT, Administrator.

DECIDED JULY 11, 1957.

**224**

*William P. Whelchel,* for plaintiffs in error.

*Telford, Wayne & Smith, Tifton S. Greer,* contra.

QUILLIAN, J. 1. Counsel for the defendant insists that the Hospital Authority of Hall County is a corporation authorized and organized under the Hospital Authority Act provided in Code (Ann.) Ch. 99-15, and is exercising a public governmental function, thereby being immune to suit for a personal injury negligently inflicted upon one of its patients.

Code (Ann.) § 99-1505 provides: "Every authority shall be deemed to exercise public and essential governmental functions and shall have all of the powers necessary or convenient to carry out and effectuate the purposes and provisions of this Chapter, including, but without limiting the generality of the foregoing, the power: To sue and be sued; . . ."

In *Knowles* v. *Housing Authority of City of Columbus,* 212 *Ga.* 729, 733 (95 S. E. 2d 659) the Supreme Court held: "As previously pointed out, the General Assembly of this State has by express terms given every housing authority created by it the unlimited and unqualified right to 'sue and be sued.' " Under the ruling in the *Knowles* case, supra, this court is constrained to hold that the phrase "to sue and be sued" in Code (Ann.) § 99-1505 subjects the defendant corporation to suits for damages for personal injuries it negligently inflicts on one of its patients.

We are not unmindful of the holding in *Hall* v. *Hospital Authority of Floyd County,* 93 *Ga. App.* 319 (91 S. E. 2d 530) that a hospital authority created under Code (Ann.) Ch. 99-15 was not liable in tort for the negligent injury of one of its patients. But this ruling must yield to the Supreme Court

decision, construing the exact phrase here involved in a similar Code section, which in principle must control this case.

2. The facts alleged in the petition are sufficient to set forth a cause of action and the trial judge did not err in overruling the general demurrer to the petition. *Executive Committee of the Baptist Convention* v. *Ferguson*, 95 *Ga. App.* 393 (98 S. E. 2d 50).

*Judgment affirmed. Felton, C. J., and Nichols, J. concur.*