## 37685. HOSPITAL AUTHORITY OF THE CITY OF MARIETTA *v.* MISFELDT.

FELTON, Chief Judge. 1. A hospital authority created under Chapter 99-15 of the Georgia Code is subject to a suit for damages for personal injuries to one of its patients resulting from the negligence of its agents, servants or employees. *Hospital Authority of Hall County* v. *Shubert*, 96 *Ga. App.* 222 (99 S. E. 2d 708).

2. "If one is received as a patient at a charitable hospital, is able to pay, and does pay for board, medical attention, and other services, and there is an injury on account of the carelessness, negligence, or incompetence of a nurse or servant of the institution, a petition alleging damages on account of injuries so arising is not subject to demurrer insofar as it seeks to recover from the institution and to subject to the judgment its funds derived strictly from such non-charitable pay patients . . . although it be not alleged in the petition that in the selection of its employees the defendant failed to exercise ordinary care in ascertaining their competency." *Morton* v. *Savannah Hospital*, 148 *Ga.* 438, 441 (96 S. E. 887).

3. The petition seeking to recover damages including medical expenses, hospital expenses, loss of services of and loss of consortium of the plaintiff's wife, a paying patient, arising out of the alleged negligence of the defendant, through its agents and servants, in failing to place the plaintiff's wife in the security ward, as directed by her physician, while she was in a mentally disturbed condition of which defendant had actual notice or which it should have discovered through the exercise of ordinary care, in failing to keep constant and continuous watch and care over the plaintiff's wife while in said condition, in failing to administer certain prescribed medicines to sedate and tranquilize said wife and in allowing plaintiff's wife while in said mentally disturbed condition to wander some 50 feet down a hallway, lock herself in a

bathroom, climb into the window thereof and fall from said window three stories to the ground, sets forth a cause of action. This is true notwithstanding a general judgment is prayed for and the recovery is not by the petition limited to the income derived from pay patients. *Robertson* v. *Executive Committee &c.,* 55 *Ga. App.* 469 (2) (190 S. E. 432).

4. The petition here is not subject to general demurrer because it fails to allege that the hospital failed to exercise ordinary care in the selection of its officers and employees, or in retaining the same, or because it seeks a general judgment against the defendant or for any other reasons urged by counsel, and the court did not err in overruling the general demurrer thereto.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*

DECIDED MAY 28, 1959—REHEARING DENIED JUNE 11, 1959.

*Fred Bartlett, Scott S. Edwards, Jr.,* for plaintiff in error.
*Holcomb & Grubbs, J. M. Grubbs, Jr.,* contra.