38903. HIPP, Next Friend v. HOSPITAL AUTHORITY OF THE CITY OF MARIETTA.

Decided June 29, 1961—Rehearing denied July 13, 1961.

*Grubbs & Prosser, Holcomb & McDuff, J. M. Grubbs, Jr., Frank D. Holcomb,* for plaintiff in error.

*Raymond M. Reed, Scott S. Edwards, Jr.,* contra.

NICHOLS, Judge. 1. In *Hall v. Hospital Authority of Floyd County,* 93 Ga. App. 319 (91 SE2d 530), this court held that a hospital authority created under the act of the General Assembly (Ga. L. 1941, p. 241; *Code Ann. Ch.* 99-15), could not be sued for negligence. Such decision was followed by this court in *Knowles v. Housing Authority of the City of Columbus,* 94 Ga. App. 182 (94 SE2d 55), which decision the Supreme Court reversed (*Knowles v. Housing Authority of the City of Columbus,* 212 Ga. 729, 95 SE2d 659, 61 ALR2d 1241), without reference to the earlier decision of this court, and thereafter Judge Quillian, now Justice Quillian, in *Hospital Authority of Hall County v. Shubert,* 96 Ga. App. 222 (99 SE2d 708), speaking for the court held that under the decision of the Supreme Court, supra, hospital authorities were given the unlimited and unqualified right to sue and be sued. Accordingly the issue is settled, and the defendant hospital authority is subject to suit just as any private corporation. See also *Hospital Authority of*

*the City of Marietta v. Misfeldt,* 99 Ga. App. 702 (109 SE2d 816).

2. In support of its general demurrer the defendant cites cases exemplified by *Community Theatres Co. v. Bentley,* 88 Ga. App. 303 (76 SE2d 632), and *Savannah Electric Co. v. Hodges,* 6 Ga. App. 470 (65 SE 322), where it has been held that where a servant steps aside from his master's business, even for a short period of time to do an act entirely separate from his master's business, and injury results from such act the master is not liable although the servant may be. Such law is well settled where the master has no cause to anticipate such action by the servant, and where the employer is not required because of the dealings with the public to first determine the competency of its employee. However, even a charitable institution is liable for the torts of its agents and employees where it has been negligent in selecting or retaining them. See *Morton v. Savannah Hospital,* 148 Ga. 438, 441 (96 SE 887); *Plant System v. Dickerson,* 118 Ga. 647 (45 SE 483). In *Harvey v. DeWeill,* 102 Ga. App. 394, 403 (116 SE2d 747), the following language is quoted: "The obligation of the proprietor to protect his patrons from injury or mistreatment includes the duty to select and retain only such employees as are fit and suitable to look after the safety and comfort of his guests and who will not commit acts of violence against them, insofar as it is reasonably within his power to do so. A breach of this duty has been held to constitute negligence and to render an innkeeper or restaurant keeper responsible for even a purely personal assault by the servant. However, where the claim of liability is based on this ground, the guest must prove negligence on the part of the innkeeper in either employing or retaining an employee whose unfitness for the position caused the injury complained of." 29 Am. Jur. 49, Innkeepers, § 60.

While such case, and the quotation from American Jurisprudence, dealt with the duty of an innkeeper, the principle is even more applicable to hospitals where the patients are under the complete control of the institution and its employees, and where most patients are confined to bed, and are required to wear less clothing than they would normally wear, and where the right

of privacy of person must of necessity be invaded in order for the patient to receive the treatment and care sought.

In the case of Stone v. William M. Eisen Co., 219 N. Y. 205 (114 NE 44), it was said, with reference to the treatment owed to a customer by a corporation engaged in selling and fitting braces on customers: "Where a person so enters into an agreement with a corporation and submits to an examination pursuant to such agreement, there is an implied contract that the patient will be treated, not only skilfully, but decently, respectfully, and courteously. Decent and respectful treatment is implied in the contract from the confidential relation of the parties, and especially because of the necessary exposure of the person required of the patient in connection with the services to be performed pursuant to the contract. The implication arises whenever one person is placed in the control or protection of another. It grows out of peculiar and special relationships." See also 34 A. L. R. 2d 384.

As to the employment of physicians, surgeons and nurses it has been held on numerous occasions that where a hospital employs a licensed person who is in good standing that it cannot be held liable because it was negligent in selecting such licensed person as its agent or servant. However, orderlies are not so licensed by the State or any agency of the State and the duty of selecting only competent persons for such jobs is a duty of the hospital that cannot be satisfied merely by checking a "register" to determine if such person's name appears thereon as being qualified. The duty of selecting only competent employees is the hospital's, and if such duty has been breached then the hospital could be liable for even a personal assault by the employee.

The petition alleged, among other things, that the employee had a criminal record of being a Peeping Tom, having been convicted in the Recorder's Court of the City of Marietta, that he had a scar on his head where he had been shot for being a Peeping Tom, and that no investigation was made by the hospital as to his criminal record. One of the grounds of negligence alleged in the petition was that the hospital was negligent in selecting as an orderly a person who had a criminal record as

a Peeping Tom. The plaintiff's petition was not subject to general demurrer, for while generally an employer must know of the criminal propensities of the employee or have knowledge of facts that would imply the knowledge of the ultimate fact where, as here, the burden is placed on the defendant of furnishing competent employees a jury question is presented as to whether the defendant should have inquired to determine if the employee was a competent person to be employed in the capacity of an orderly with "general run" of the hospital. Accordingly, the judgment sustaining the defendant's general demurrer must be reversed.

*Judgment reversed. Carlisle, P. J., and Eberhardt, J., concur.*