46820.   MITCHELL v. CITY OF NEWNAN et al.

ARGUED JANUARY 6, 1972—DECIDED MARCH 3, 1972—
REHEARING DENIED MARCH 20, 1972—

*Millard C. Farmer, Jr.,* for appellant.
*Sanders, Mottola, Haugen, Wood & Goodson, Charles L. Goodson,* for appellees.

CLARK, Judge. In this suit for personal injuries arising out of a collision between the plaintiff's car and a city police automobile the question presented for decision is the right of counsel for the plaintiff to propound to the jury voir dire questions concerning any financial interest in the insurance company carrying public liability coverage for the City of Newnan.

In 1880 the Supreme Court of Georgia in *Rivers v. City*

*Council of Augusta,* 65 Ga. 376 (38 AR 787), promulgated the doctrine whereby a municipal corporation was ruled to have no tort liability when acting in the performance of governmental functions as contrasted with conduct of ministerial or non-governmental duties. This common law doctrine was thereafter first codified as Section 748 in the Code of 1895 and subsequently carried forward as Section 897 in the Code of 1910 and in our present Code of 1933 as Section 69-301. Although hoary in origin as it is based on the ancient concept that "The King could do no wrong," writers have attacked it as being "an archaic and illogical differentiation." Municipal Law, Chas. S. Rhyne, p. 732. This out-moded distinction was nevertheless so well established in Georgia that as recently as 1952 this court ruled in *Boone v. City of Columbus,* 87 Ga. App. 701 (75 SE2d 338) that a municipal corporation was without authority to waive its governmental immunity.

With our law-makers recognizing the necessity of discarding legal anachronisms which have often resulted in harsh treatment and seeming injustices there has been a nation-wide trend towards passage of corrective legislation such as is exemplified in the Federal Torts Claims Act (28 USCA § 1346 (b)) and related sections. Although we do not yet have the same type of ameliorative legislation in Georgia there has been exhibited a recognition of humanitarian needs. In line with this benign philosophy there was first passed in 1955 (Ga. L. 1955, p. 448) authority for our political subdivisions to obtain public liability coverage for their motor vehicles "whether in a governmental undertaking or not. . ." This was re-enacted in 1960 when a new all encompassing Insurance Code was adopted and is codified as § 56-2437 of our Annotated Code.

As was said by Judge Eberhardt in *City of Macon v. Smith,* 117 Ga. App. 363, 371 (160 SE2d 622): "The statutory provision is a salutary one and should be scrupulously observed by all. . ."

Paragraph 2 of this legislation provides that ". . . governmental immunity shall be waived to the extent of the

amount of insurance so purchased." This paragraph further states specifically that "no attempt shall be made in the trial of any action brought against a municipal corporation, county or any other political subdivision of this State *to suggest the existence of any insurance* which covers in whole or in part any judgment or award which may be rendered in favor of the plaintiff, and if the verdict rendered by the jury exceeds the limits of the applicable insurance, the court shall reduce the amount of said judgment or award to a sum equal to the applicable limits stated in the insurance policy." (Emphasis supplied.)

When this Act was first passed in 1955, and certainly when it was re-enacted in 1960, the legislature must be presumed to have been familiar with the then existing law that had been put on the books in 1951 (Ga. L. 1951, pp. 214, 216) which has been codified as *Code Ann.* § 59-705. This provided for a searching examination during voir dire to achieve the goal of an impartial and unbiased jury. When there was included in the new Insurance Code a specific prohibition that forbade the suggestion of the existence of insurance, the intention of the lawmakers was obviously to forbid any inquiry during the voir dire as to jurors possessing a financial interest in the insurance company carrying the public liability insurance on the city's vehicles.

The remaining portion of the statute which directs the court to reduce the amount of any judgment to the applicable limits of the insurance policy clearly shows that the parties in the trial of a case of this nature involving a governmental body may not quiz the jurors either individually or as a panel concerning financial interest in the insurance company carrying public liability coverage on the city's vehicle involved in the collision.

*Judgment affirmed. Jordan, P. J., and Deen, J., concur.*