## 38964. MEDICAL CENTER HOSPITAL AUTHORITY v. ANDREWS et al.

CLARKE, Justice.

We granted certiorari primarily to consider the question of whether a hospital authority created pursuant to Code Ann. Chapter 88-18 enjoys sovereign immunity. The Court of Appeals held that it does not. *Medical Center Hosp. Auth. v. Andrews,* 162 Ga. App. 687 (292 SE2d 197) (1982). We agree and affirm.

1. In determining the main question before us, we must once again interpret the effect of a statutory provision that a public agency may "sue and be sued." There is no question that the doctrine of sovereign immunity exists in Georgia. There is also no question that sovereign immunity may be waived. Art. VI, Sec. V, Par. I, Constitution of Georgia, Code Ann. § 2-3401. The only issue is whether the words of the Hospital Authorities law constitute a waiver, and this opinion deals only with those words as they appear in the Hospital Authorities law.

In *Knowles v. Housing Auth. of Columbus,* 212 Ga. 729 (95 SE2d 659) (1956), this court held that a clause in the housing act providing that a housing authority has the power to "sue or be sued" constituted a waiver of the state's immunity in an action against a housing authority. The Court of Appeals followed this decision in *Hosp. Auth. of Hall County v. Shubert,* 96 Ga. App. 222 (99 SE2d 708) (1957), and held that the phrase to "sue or be sued" in the hospital Authority Act, Code Ann. Ch. 99-15 (the predecessor to Code Ann. Ch. 88-18) subjected the hospital authority to suits for damages for personal injuries. In *Hipp v. Hosp. Auth. of Marietta,* 104 Ga. App. 174 (121 SE2d 273) (1961), the Court of Appeals reiterated that ". . . the issue is settled, and the defendant hospital authority is subject to suit just as any private corporation." Id. at 175.

Thus a line of cases developed in which the use of the phrase "sue and be sued" in connection with the creation of the powers of a hospital authority was interpreted to mean a waiver of sovereign immunity. Contrary to the argument of appellant, this rule was not affected by this court's decision in *Cox Enterprises, Inc. v. Carroll City/County Hosp. Auth.,* 247 Ga. 39 (273 SE2d 841) (1981). There we simply held that a hospital authority is a governmental entity and that a governmental entity is absolutely barred from prosecuting a cause of action for libel whether that entity was functioning in a governmental or proprietary capacity at the time the cause of action arose.

The real question, as the Court of Appeals noted, is the effect of our two recent decisions in *Nat. Dist. Co. v. Dept. of Transp.,* 248 Ga.

451 (283 SE2d 470) (1981), and *McCafferty v. Medical College of Ga.,* 249 Ga. 62 (287 SE2d 171) (1982), upon the area of sovereign immunity as it relates to hospital authorities. Appellant insists that there is an inconsistency between these cases which has caused confusion in the law relating to sovereign immunity. We do not find any such inconsistency.

*Nat. Dist. Co.,* supra, did not disturb the rule that sovereign immunity may be waived by legislative act. It simply held that the waiver must be express in order to be effective. The court examined the language of Code Ann. § 95A-304, the statute alleged to have effected a waiver, and found that its words fell short of an express waiver. The court acknowledged that an earlier, but now repealed, statute, Code Ann. § 95-1505, had authorized the State Highway Department to "sue and be sued" and that in *State Hwy. Dept. v. W. L. Cobb Constr. Co.,* 111 Ga. App. 822 (143 SE2d 500) (1965), that code section was interpreted as an express waiver. This court continued its reasoning in *Nat. Dist. Co.,* by pointing out the former code section was repealed by a 1973 act which contained new language: "May be sued in such actions as are permitted by law." The express nature of "sue and be sued" language in the former statute had been substantially modified in the new statute by the phrase "as are permitted by law." Thus, it was reasoned, that while the former statute may have waived sovereign immunity, there does not now exist such an express waiver that the Department of Transportation is protected by sovereign immunity.

*McCafferty,* supra, on the other hand, deals with the Board of Regents of the University System of Georgia and the provisions of statutes and the state constitution affecting it. The language of the applicable provisions differs substantially from that of the Department of Transportation statute. In *McCafferty,* we held that the Board of Regents has no sovereign immunity because as originally created in 1931 the Board of Regents succeeded to all of the powers and duties of the University System of Georgia. Among these is the power to "plead and be impleaded" as declared by the creating act in 1785. We found in *Busbee v. American Assn. of Univ. Professors,* 235 Ga. 752 (221 SE2d 437) (1975), that this language was the "historic language" enabling a body to sue and be sued. Id. at 753. We further found in *Busbee* that the use of the phrase "sue and be sued" as it related to the Board of Regents constituted an express legislative waiver of sovereign immunity. Id. at 758-59. After 1931, the statutory powers and duties of the Board of Regents were raised to constitutional status. Art. VIII, Sec. IV, Par. I of the Constitution of 1945 (Code Ann. § 2-6701). Therefore, an attempt by the legislature, in reaction to *Busbee,* supra, to reaffirm the doctrine of

sovereign immunity as to the Board of Regents, was ineffective. We held in *McCafferty* that the enactment of Code Ann. § 32-101.1, an attempt to diminish the powers and duties of the Board of Regents, was contrary to the Constitution of Georgia and in no way diminished the power of the Board of Regents to sue or be sued. We concluded in *McCafferty,* therefore, that the sovereign immunity of the Board of Regents had been waived and that the legislative attempt to repeal the waiver was ineffective. In *Nat. Dist. Co.,* on the other hand, the sovereign immunity waiver had not been given constitutional status. Thus, the legislature was able to effectively repeal the sovereign immunity waiver.

A line of cases from the Court of Appeals interpreted the words "sue and be sued" as they apply to hospital authorities to mean a waiver of sovereign immunity. Following this interpretation the legislature enacted Code Ann. Chapter 88-18, the Hospital Authorities Law, which provided that hospital authorities shall have the power to sue and be sued. Code Ann. § 88-1805(a). This statute has not been repealed nor has it been modified as in *Nat. Dist. Co.* It is presumed that all statutes are enacted by the General Assembly with full knowledge of the existing law, including decisions of the courts. *Spence v. Rowell,* 213 Ga. 145 (97 SE2d 350) (1957); *City of Fitzgerald v. Newcomer,* 162 Ga. App. 646 (291 SE2d 766) (1982). Accordingly, we construe the intent of the General Assembly on reiterating the sue or be sued language to be an express waiver of sovereign immunity for hospital authorities.

2. The Court of Appeals did not err in finding the Medical Center's claim of charitable immunity without merit in that it is settled that charitable and non-profit corporations may still be liable to the extent of non-charitable assets. *Mack v. Big Bethel A.M.E. Church, Inc.,* 125 Ga. App. 713 (188 SE2d 915) (1972). Similarly, the Medical Center's argument that its property is public property and immune from judicial process is without merit.

*Judgment affirmed. All the Justices concur, except Marshall, P. J., and Weltner, J., who dissent, and Bell, J., not participating.*

DECIDED NOVEMBER 16, 1982 —
REHEARING DENIED DECEMBER 15, 1982.

*L. Martelle Layfield, Jr., Jerry A. Buchanan, Albert W. Stubbs,* for appellant.

*B. Seth Harp, Jr., Arthur L. Smith III,* for appellees.

*William P. Trotter, Mullis, Reynolds, Marshall & Horne, Charles M. Cork III, Billy E. Moore, J. Sherrod Taylor, Jack T.*

*Brinkley, Jr., J. Anderson Harp, Keenan & McColm, Don C. Keenan, James & Carey, John James, Jones, Bird & Howell, Jack Spalding Schroder, Jr., Scott R. Owens, J. Steven Garthe, Sell & Melton, John D. Comer, Dodd, Driver, Connell & Hughes, H. Boyce Connell, Jr., Randall L. Hughes, Walter E. Sumner, E. Kenneth Jones, Perry, Walters & Lippitt, H. H. Perry, Jr., Michael J. Bowers, Attorney General, Patrick W. McKee, Assistant Attorney General,* amici curiae.

GREGORY, Justice, concurring.

It is the function of the Legislature to waive sovereign immunity. If that body chooses to do so, words can be found which make it clear that the intent to waive exists. The proper words would be: "Sovereign immunity is hereby waived." Instead, the courts have had to construe other words to have that meaning. The courts have seized on the words "the power to sue and be sued." I would not ordinarily read those words to mean a waiver of sovereign immunity. If they waive sovereign immunity, why don't they waive the statute of limitations? I think those words are meant to give the entity in question the status and capacity to enter our courts. Nonetheless, there are a number of appellate opinions cited in the majority opinion in similar cases giving those words the additional meaning that a waiver of sovereign immunity occurs. In light of that, the Legislature must be held to have given them the same meaning in enacting this statute using those same words.

WELTNER, Justice, dissenting.

I dissent because, *McCafferty* notwithstanding, this Court has never adopted, but to the contrary, has repudiated an implied waiver rule. See *Nat. Dist. Co. v. Dept. of Transp.,* 248 Ga. 451, (283 SE2d 470) (1981), at page 453, and *Sikes v. Candler County,* 247 Ga. 115 (274 SE2d 464) (1981), at page 117.

I am authorized to state that Presiding Justice Marshall joins in this dissent.

ON MOTION FOR REHEARING.

*Motion for rehearing denied. All the Justices concur, except Marshall, P. J., and Weltner, J., who would grant on the merits, but not on the motions submitted. Bell, J., not participating.*

WELTNER, Justice, dissenting.

I would grant the motion for rehearing based upon the merits of the appeal, and notwithstanding the nature and tone of the motion.

I am authorized to state that Presiding Justice Marshall joins in this dissent.