## 72786. MARINE PORT TERMINALS v. GEORGIA PORTS AUTHORITY.

(348 SE2d 896)

BIRDSONG, Presiding Judge.

Marine Port Terminals sued the Georgia Ports Authority in Glynn County (Brunswick, Georgia), where the Ports Authority stored cargo for Marine Port Terminals under lease. The suit was for damage to cargo resulting from a leaking roof. The Ports Authority moved to dismiss the complaint for improper venue and lack of subject matter jurisdiction, and the trial court dismissed the complaint. *Held*:

The Ports Authority contends, and the trial court apparently held, the venue provisions at OCGA § 52-2-30 control in this case, in providing: "Bonds of the authority shall be confirmed and validated in accordance with the procedure of Chapter 82 of Title 36, the 'Revenue Bond Law.' Any such action and any action to protect or enforce any rights under this chapter shall be brought in the Superior Court of Fulton County, which shall have exclusive original jurisdiction of such actions."

To the contrary, appellant Marine Port Terminals contends that OCGA § 52-2-4 controls, in providing the Georgia Ports Authority "may . . . *sue and be sued*, implead and be impleaded, and complain and defend *in all courts.*" (Emphasis supplied.) Appellants contend this provision means the Ports Authority may be sued in any county of the state where its "residence" may be found.

We agree with the appellee Ports Authority that the latter code section does not mean to say the Ports Authority may, as to venue, sue and be sued "in all courts" of the state. The provision is merely a waiver of governmental immunity by which the Ports Authority consents to the filing of a suit *in the proper forum. Hodges v. Tomberlin*, 510 FSupp. 1280, 1283.

However, the proper forum in this case is not Fulton County, as the Ports Authority contends. OCGA § 52-2-30 provides: "Any such action [under the Bond Revenue Law] and any action to protect or enforce any rights *under this chapter* shall be brought in the Superior Court of Fulton County, which shall have exclusive original jurisdiction of such actions." (Emphasis supplied.)

"This chapter" is Chapter 2 of Title 52, which concerns the unique and specific authorities and mechanisms governing the Ports Authority's existence and empowerments, including its power to fix and collect rentals for use of its property, as underlies this case. See OCGA § 52-2-31. This suit for property damage, i.e., civil injury, is not brought to enforce any rights of Marine Port Terminals *"under this chapter."* It is brought to enforce rights under our ordinary laws of civil injury, tort, contract, and property damage. The waiver of immunity statute (OCGA § 52-2-4) removes the sovereignty impediment to such suit brought under our civil injury laws, but the suit is not filed to enforce *that* right; it is brought to enforce the right to recover for civil injury under general principles of Georgia law, the same as if the right were sought to be enforced against any other amenable entity in the state. It seems very clear to us that the suit required to be brought in Fulton County (Atlanta) is any action to protect or enforce any rights *"under this chapter,"* that is *under Chapter 2 of Title 52*, that is, any rights given by *that chapter*. The right to recover for civil injury is not given by that chapter. The statute is not ambiguous, and not in conflict with any other, and does not require advertence to the rules of statutory reconciliation.

This suit to enforce the right to compensation for civil injury is, as to venue, governed by the usual constitutional and statutory provisions. See generally Const. of Ga., Art. VI, Sec. II.

We note the General Assembly amended this statute effective 1986 to provide that an action "to protect or enforce any rights under this chapter *and* any action against the Authority shall be brought in the Superior Court of Chatham County" and added a clarification

that "provided however, the venue of an action for a tort shall be brought in the county wherein committed if the authority has a facility located therein, otherwise Chatham County." Ga. Laws 1986, pp. 164-165. Thus the legislature has required even those actions under Chapter 2 of Title 52 to be brought on the coast in Chatham County or where the Ports Authority has a facility.

The Glynn County trial court erred in dismissing the appellant's suit on the grounds that OCGA § 52-2-30 required it to be brought in Fulton County, this being a suit for damages for civil injury and not a suit to protect and enforce rights under the Ports Authority Act.

*Judgment reversed. Banke, C. J., and Sognier, J., concur.*

## ON MOTION FOR REHEARING.

The Ports Authority insists that if OCGA § 52-2-30 does not fix the venue for all suits brought against the Authority, then there is no venue, for it is not fixed anywhere else by Georgia law; and the "residence" of the Authority is not fixed elsewhere so as to be sued elsewhere under the general venue provisions. Thus, the Authority urges us to infer the legislature "must have intended" by § 52-2-30 to cover any action brought against the Authority. But if there is such a defect in the law with regard to the Ports Authority's residence, it is not our duty to fix it by inferring that when the legislature said "this," it must have meant "that." The Georgia Ports Authority Act at the time this suit was filed in Glynn County, clearly provided that "any action to . . . enforce any *rights under this chapter* shall be brought in the Superior Court of Fulton County. . . ." (Emphasis supplied.) OCGA § 52-2-30. This suit is not brought *to enforce or protect rights under the Georgia Ports Authority Act.* The lease of the warehouse to Marine Ports may have been authorized by the Act, but the suit is for ordinary civil damages. If there is a black hole in the law left by the statute's obvious application only to actions to enforce rights under the Act and the fact that no residence is provided elsewhere, the legislature must have realized it, for in Acts 1986, p. 164, § 1, it provided that "any action to protect or enforce any rights under this chapter *and any suit or action against the authority* shall be brought in the Superior Court of Chatham County, which shall have exclusive original jurisdiction of such actions; provided, however, the venue of an action for tort shall be brought in the county wherein committed if the authority has a facility located therein, otherwise Chatham County." (Emphasis supplied.) In its original appearance before this court, the Ports Authority expressed its consent to Marine Ports' refiling the suit in the proper forum under the new law, and so the whole matter seems like so much polemics, both on the appeal and on this motion for rehearing.

*Motion for rehearing denied.*

DECIDED SEPTEMBER 3, 1986 —
REHEARING DENIED SEPTEMBER 22, 1986 

*Edwin D. Robb, Jr., James B. Matthews III*, for appellant.

*Michael J. Bowers, Attorney General, Marion O. Gordon, First Assistant Attorney General, J. Robert Coleman, Senior Assistant Attorney General, Daniel M. Formby, Assistant Attorney General, Nancy Gallagher, Attorney, George H. Chamlee, Special Assistant Attorney General*, for appellee.