75833, 75834. SELF v. CITY OF ATLANTA et al. (two cases).
(372 SE2d 283)

Benham, Judge.

Appellant Self was injured when the vehicle he was driving collided with a truck owned by appellee City of Atlanta and operated by its employee. Appellant filed suit against the city, alleging that it was negligent and had fostered a nuisance. Appellee asserted the defense of sovereign immunity and, after admitting that it had insurance coverage of $1,000 per incident, admitted appellant's allegation of negligence. The trial court then entered judgment in favor of appellant in

the amount of $1,000. Appellant filed a direct appeal from the judgment entered (Case No. 75833) as well as an application for leave to file a discretionary appeal. We granted appellant's application (Case No. 75834).

1. Inasmuch as these appeals are from a judgment of less than $2,500 entered in an action for damages, appellant was required to seek discretionary review of the trial court's action. OCGA § 5-6-35 (a) (6). Accordingly, appellant's direct appeal (Case No. 75833) must be dismissed.

2. Appellant contends the trial court erred in holding that the city's sovereign immunity had been waived only to the extent of its insurance coverage. Appellant maintains that the General Assembly of Georgia expressly waived the city's sovereign immunity when it adopted the city's present charter in 1973.

Through the passage of the new charter, the General Assembly empowered the City of Atlanta to "sue and be sued, and plead and be impleaded in all courts of law and equity and in all actions whatsoever. . . ." Ga. L. 1973, p. 2190. While we readily admit that the courts have relaxed the application of sovereign immunity as to quasi-government entities, *Medical Center Hosp. Auth. v. Andrews,* 250 Ga. 424 (1) (297 SE2d 28) (1982); *Busbee v. Ga. Conference &c. of Univ. Professors,* 235 Ga. 752 (1) (221 SE2d 437) (1975); *Knowles v. Housing Auth. of Columbus,* 212 Ga. 729 (95 SE2d 659) (1956); *Marine Port Terminals v. Ga. Ports Auth.,* 180 Ga. App. 380, 381 (348 SE2d 896) (1986); *State Hwy. Dept. v. W. L. Cobb Constr. Co.,* 111 Ga. App. 822 (143 SE2d 500) (1965) it is still vibrant as to governmental entities. Therefore, the trial court was correct in distinguishing those cases from the one at bar and in granting summary judgment to appellee.

3. Appellant contends the city is responsible for maintaining a nuisance, the operation of sludge trucks, Class IV vehicles, by employees who do not have Class IV driver's licenses.

"To be held liable for maintenance of a nuisance, the municipality must be chargeable with performing a continuous or regularly repetitious act, or creating a continuous or regularly repetitious condition, which causes the hurt, inconvenience, or injury. . . ." *Mayor &c. of Savannah v. Palmerio,* 242 Ga. 419, 426 (249 SE2d 224) (1978). Appellant failed to show that improperly licensed drivers had caused vehicular collisions. The opinion of this court in *City of Atlanta v. Whatley,* 161 Ga. App. 705 (289 SE2d 541) (1982), cited by appellant, does not reflect that the driver was improperly licensed.

4. Lastly, appellant argues that the act of driving sludge, generally considered a governmental function, was, due to revenue generation, actually a ministerial function. Since there was no evidence that garbage fees were used for any purpose other than to offset garbage

collection expenses, the trial court did not err in granting summary judgment to the city. See *City of Valdosta v. Bellew,* 178 Ga. App. 423 (343 SE2d 111) (1986).

*Appeal dismissed in Case No. 75833. Judgment affirmed in Case No. 75834. McMurray, P. J., and Pope, J., concur specially.*

POPE, Judge, concurring specially.

Although I agree with the holding reached by the majority in Division 2 of its opinion, I am compelled to write separately because of the majority's failure to resolve the apparent inconsistency between the "sue and be sued" language contained in the city's charter and the sovereign immunity which is granted to municipal corporations of this state.

As noted by the appellant, the phrase "sue and be sued," or words of similar import, have been held to constitute an express waiver of sovereign or governmental immunity. As suggested by the majority, however, the cases relied on by appellant do not involve the interpretation of that phrase in connection with an alleged waiver of municipal immunity and are not dispositive of the issue presented by this case. I believe this issue can only be resolved by ascertaining the relevant constitutional, statutory and case law as it pertains to the particular entity under scrutiny.

Municipalities, as recognized by both statute and case law, have long enjoyed immunity from tort liability in the performance of legislative and judicial functions. *McCrary Eng. Corp. v. City of Bowdon,* 170 Ga. App. 462, 464-65 (317 SE2d 308) (1984). "In 1880 the Supreme Court of Georgia in *Rivers v. City Council of Augusta,* 65 Ga. 376 (38 AR 787), promulgated the doctrine whereby a municipal corporation was ruled to have no tort liability when acting in the performance of governmental functions as contrasted with conduct of ministerial or non-governmental duties. This common law doctrine was thereafter first codified as Section 748 in the Code of 1895 and subsequently carried forward as Section 897 in the Code of 1910 and in [the] Code of 1933 as Section 69-301." *Mitchell v. City of Newnan,* 125 Ga. App. 761, 761-62 (188 SE2d 917) (1972).

At the time the action was filed in the present case, the provision granting sovereign immunity to municipal corporations was codified at OCGA § 36-33-1, which then provided as follows: "Municipal corporations shall not be liable for failure to perform, or for errors in performing, their legislative or judicial powers. For neglect to perform, or improper or unskillful performance of their ministerial duties, they shall be liable." That language may presently be found at

OCGA § 36-33-1 (b).[1]

This brief history demonstrates that from the outset it was recognized that a municipality may be liable for the negligent or improper performance of their ministerial duties. Likewise, it has been recognized that the doctrine of municipal immunity does not attach in connection with the operation and maintenance of a nuisance, see, e.g., *Rainey v. City of East Point*, 173 Ga. App. 893 (328 SE2d 567) (1985), and in actions concerning constitutional rights, such as eminent domain cases, see *CFI Constr. Co. v. Bd. of Regents of the Univ. System*, 145 Ga. App. 471 (4) (243 SE2d 700) (1978). In short, it has long been the rule that municipal corporations can sue and be sued. *Mayor &c. of Athens v. Gregory*, 231 Ga. 710 (3) (203 SE2d 507) (1974).

Accordingly, I believe the "sue and be sued" language found in the city's charter simply refers to those situations in which, historically, the doctrine of municipal immunity has not been applied. In my opinion, such an "interpretation comports with the statutory language, the legislative intent and reason, and it works in tandem with [OCGA § 36-33-1 and the constitution of the state] and not in tension therewith." *DeKalb County School Dist. v. Bowden*, 177 Ga. App. 296, 300 (339 SE2d 356) (1985).

I am authorized to state that Presiding Judge McMurray joins in this special concurrence.

DECIDED JULY 14, 1988—
REHEARING DENIED JULY 28, 1988 ▮▮▮▮▮▮

*Patrick J. Fox, Billy E. Moore*, for appellant.
*Jo A. Crowder, Jan P. Cohen, Mary C. Cooney, Marva J. Brooks,*

---

[1] Although not applicable to litigation pending on July 1, 1986, OCGA § 36-33-1 was subsequently amended to provide as follows: "(a) Pursuant to Article IX, Section II, Paragraph IX of the Constitution of the State of Georgia, the General Assembly, *except as provided in this Code section*, declares it is the public policy of the State of Georgia that there is no waiver of the sovereign immunity of municipal corporations of the state and such municipal corporations shall be *immune from liability for damages*." (Emphasis supplied). That section also provides that a municipality does not waive its immunity by the purchase of liability insurance, "except as provided in OCGA § 33-24-51, or unless the policy of insurance issued covers an occurrence for which the defense of sovereign immunity is available, and then only to the extent of the limits of such insurance policy." Subsection (b) retained the language previously contained in OCGA § 36-33-1 (see text, *supra*).

Although the legislature has constitutional authority to waive the immunity of municipalities pursuant to Article IX, Section II, Paragraph IX of the Georgia Constitution, I construe the "except as provided in this Code section," language of OCGA § 36-33-1 to mean that should the legislature choose to exercise that authority, it will expressly so provide in the provisions of that section.