46145. SELF v. CITY OF ATLANTA et al.
(377 SE2d 674)

BELL, Justice.

. In this case the plaintiff, John Self, contends that certain language in the charter of the City of Atlanta waives the city's sovereign

---

[6] Nor does the husband's complaint as to the division of personal property demonstrate reversible error.

immunity in a personal-injury action arising from a motor-vehicle collision. In *Self v. City of Atlanta*, 188 Ga. App. 81 (372 SE2d 283) (1988), the Court of Appeals determined that the language in question does not waive the city's immunity. Self then applied for a writ of certiorari, which we granted to consider this issue. For the reasons that we shall give in this opinion, we affirm the judgment of the Court of Appeals.

The language at issue is found in Section 1-102 (a) of the city charter of Atlanta, Ga. L. 1973, pp. 2188, 2190, which provides that the city "may sue and be sued, and plead and be impleaded in all courts of law and equity and in all action [sic] whatsoever . . . ." The present controversy over the effect of this language (hereafter, the "sue and be sued" language) has its origin in a motor-vehicle collision that occurred between a van driven by Self and a waste-treatment sludge truck driven by a city employee. Self, who was severely injured by the collision, filed suit for damages, naming the city as a defendant. The city admitted that it had $1000 in self-insurance liability, but moved for summary judgment regarding any additional liability. As one ground of its motion, the city asserted the defense of sovereign immunity. Self responded to that assertion with an argument that the "sue and be sued" language waived the city's sovereign immunity. Cf. *Medical Center Hosp. Auth. v. Andrews*, 250 Ga. 424 (297 SE2d 28) (1982); *McCafferty v. Medical College of Ga.*, 249 Ga. 62 (287 SE2d 171) (1982); *Nat. Dist. Co. v. Dept. of Transp.*, 248 Ga. 451 (283 SE2d 470) (1981); *Busbee v. American Assn. of Univ. Professors*, 235 Ga. 752 (221 SE2d 437) (1975); *Knowles v. Housing Auth. of Columbus*, 212 Ga. 729 (95 SE2d 659) (1956). But cf. *McCafferty*, supra, 249 Ga. at 73-74 (addendum on motion for rehearing); *Knowles*, supra, 212 Ga. at 734; *Tounsel v. State Highway Dept.*, 180 Ga. 112 (178 SE 285) (1934); *Millwood v. DeKalb County*, 106 Ga. 743 (32 SE 577) (1899); *Collins v. Mayor &c. of Macon*, 69 Ga. 542 (1) (1882). The trial court granted summary judgment to the city, and Self appealed.

A three-judge panel of the Court of Appeals affirmed the judgment, but entered two separate opinions on the meaning of the "sue and be sued" language. *Self*, supra, 188 Ga. App. at 82, 83-84. Self applied for a writ of certiorari, which we granted to review whether the language constitutes a waiver.[1]

1. In the various cases in which this court has determined whether "sue and be sued" language or its equivalent constitutes a waiver of sovereign immunity, this court has reached different results.

---

[1] We note that the cause of action accrued before the effective date of the 1983 Ga. Const., Art. I, Sec. II, Par. IX (a), see *Wilmoth v. Henry County*, 251 Ga. 643 (2) (309 SE2d 126) (1983), and that the suit was pending before the effective date of OCGA § 36-33-1 (a). Accordingly, we do not consider those provisions.

Compare, e.g., *Tounsel v. State Highway Dept.*, supra, 180 Ga. (holding that such language did not constitute a waiver), with, e.g., *Medical Center Hosp. Auth. v. Andrews*, supra, 250 Ga. (holding that such language did constitute a waiver). The list of opinions interpreting language of this type is long, and for our present purposes we need not recapitulate and analyze them. It is sufficient to say that, after careful reconsideration of those cases, we are now of the opinion that the correct view is that such language should be read as providing an entity with the status and capacity to enter courts, and not as waiving sovereign immunity. Cf. the special concurrences of Justice Gregory in *McCafferty*, supra at 70, and *Medical Center Hosp. Auth.*, supra at 427.

We now hold that in any instances in which an entity is given the power "to sue and be sued" that language means only that the entity has the status and capacity to enter our courts, and does not signify a waiver of sovereign immunity against suit. Any cases that hold to the contrary are hereby overruled.

2. In line with this holding, we conclude that the "sue and be sued" language of the Atlanta charter is not effective to waive the city's immunity. And, inasmuch as our analysis in this case has reached the same result as did the Court of Appeals — a determination that the "sue and be sued" language does not waive the city's sovereign immunity — we affirm the judgment of the Court of Appeals in that regard.

*Judgment affirmed. All the Justices concur, except Smith, J., who dissents.*

DECIDED MARCH 15, 1989.

*Billy E. Moore, McNally, Fox, Mahler & Cameron, Patrick J. Fox*, for appellant.

*Jo Avery Crowder, Marva Jones Brooks, Mary Carole Cooney*, for appellees.

*Theresa F. Gilstrap, Walter E. Sumner*, amicus curiae.