S90A1146. POLLARD v. BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA.
(401 SE2d 272)

HUNT, Justice.

In 1986, plaintiff, Atha Pollard, was injured when she fell on a street on the campus of the Georgia Institute of Technology. She sued the Board of Regents, alleging negligence in maintaining the street. The Board claimed sovereign immunity and the trial court granted its motion to dismiss. Pollard appeals and we affirm.

Pollard concedes that the sovereign immunity provision of the 1983 Constitution affords immunity to the Board of Regents, but argues that the present provision was ratified as an amendment to the 1976 Constitution and was invalidly substituted for the *original* provision in the new Constitution. She contends that under the 1983 Constitution as ratified on November 2, 1982, the Board of Regents does not enjoy sovereign immunity. She relies on *McCafferty v. Medical College of Ga.,* 249 Ga. 62 (287 SE2d 171) (1982).

The sovereign immunity provision as adopted by the legislature as Art. I, Sec. II, Par. IX of the proposed 1983 Constitution during the 1981 extra session provides:

(a) The sovereign immunity of the state from suit is hereby expressly reserved *except to the extent of any waiver or qualification of such immunity as is now or may hereafter be provided by law.*

(b) The General Assembly may provide by law for the processing and disposition of claims against the state which do not exceed such maximum amount as provided therein. [Emphasis supplied.]

Ga. L. 1981 (Ex. Sess.), p. 148.

After the 1981 extra session at which the new Constitution was adopted by the General Assembly and recommended for ratification by the voters in November 1982, two cases came out of this court which affected sovereign immunity: *Nat. Distributing Co. v. Dept. of Transp.*, 248 Ga. 451 (283 SE2d 470) (1981), decided October 27, 1981, and *McCafferty v. Medical College of Ga.*, supra, 249 Ga. 62, decided February 4, 1982.

*National Distributing Co.*, supra, held that although the General Assembly had the power to waive sovereign immunity regarding its contracts, it had not expressly done so and the "State of Georgia may rely on the defense of sovereign immunity in suits seeking to recover damages for breach of contract." Id. at 454.[1]

*McCafferty* held that the "powers and duties of the Board of Regents as they existed in 1943 are preserved in the Constitution," and cannot be altered by the legislature. Id. at 69. One of the rights reserved to the Board of Regents was the power to sue and be sued. Because of this language the *McCafferty* court concluded sovereign immunity had been waived as to the Board of Regents.[2] Because the *original* sovereign immunity provision of the 1983 Constitution preserved any waivers of sovereign immunity which had already become part of the law, Pollard, relying on *McCafferty*, argues that the waiver of sovereign immunity as to the Board remained intact under the 1983 Constitution as ratified on November 2, 1982.

When *McCafferty* was decided, however, the General Assembly was still in its regular 1982 session. An amendment to the 1976 Constitution, in apparent response to *McCafferty*, was quickly adopted

---

[1] See OCGA § 50-21-1; Ga. L. 1982, p. 495, a statute waiving sovereign immunity for actions ex contractu.

[2] *McCafferty*, a 4-3 decision, was recently overruled as to the meaning of the words "sue and be sued" in the case of *Self v. City of Atlanta*, 259 Ga. 78, 80 (377 SE2d 674) (1989). In *Self* we said: "We now hold that in any instances in which an entity is given the power 'to sue and be sued' that language means only that the entity has the status and capacity to enter our courts, and does not signify a waiver of sovereign immunity against suit." Thus, although the powers of the Board of Regents were frozen into the Constitution, a waiver of sovereign immunity was no longer among them.

for ratification in the upcoming November election. Ga. L. 1982, p. 2546. It provided:

> Sovereign immunity extends to the state and all of its departments and agencies. However, the defense of sovereign immunity is waived as to any action ex contractu for the breach of any written contract now existing or hereafter entered into by the state or its departments and agencies. Also the defense of sovereign immunity is waived as to those actions for the recovery of damages for any claim against the state or any of its departments and agencies for which liability insurance protection for such claims has been provided but only to the extent of any liability insurance provided. Moreover, the sovereign immunity of the state or any of its departments and agencies may hereafter be waived further by Act of the General Assembly which specifically provides that sovereign immunity is hereby waived and the extent of the waiver. . . .

This amendment to the 1976 Constitution extended sovereign immunity to "the state and all its departments and agencies." It restored sovereign immunity to the Board of Regents. It was ratified at the November 1982 election.

Pollard argues, however, that the amendment to the 1976 Constitution was superseded by the new Constitution containing the *original* provision which preserved the waiver of the sovereign immunity of the Board of Regents as held in *McCafferty* (but see footnote ·2, supra). The substitution of the 1976 amendment (restoring sovereign immunity) for the *original* provision in the new Constitution (preserving the waiver) was, according to Pollard, because of the way it was accomplished, invalid.

The substitution was accomplished by a special commission, which was established by the new Constitution and charged with reconciling newly ratified amendments to the 1976 Constitution with the new Constitution. 1983 Ga. Const., Art. XI, Sec. I, Par. V:

> Amendments to the Constitution of 1976 which were determined to be general and which were submitted to and ratified by the people of the entire state at the same time this Constitution was ratified *shall be incorporated and made a part of this Constitution* as provided in this Paragraph. There is hereby created a commission to be composed of the Governor, the President of the Senate, the Speaker of the House of Representatives, the Attorney General, and the Legislative Counsel, which is hereby *authorized and directed*

> *to incorporate such amendments into this Constitution* at the places deemed most appropriate to the commission. The commission shall make only such changes in the language of this Constitution and of such amendments as are necessary to incorporate properly such amendments into this Constitution and shall complete its duties prior to July 1, 1983. The commission shall deliver to the Secretary of State this Constitution with those amendments incorporated therein, and such document shall be the Constitution of the State of Georgia. . . . [Emphasis supplied.]

Pollard contends the special commission acted ultra vires in making grand-scale alterations in the proposed new Constitution. But, as we read the commission's mandate, we find no intention to limit the changes the commission could make to mere editing, as argued by Pollard. Under the emphasized language, the commission was clearly instructed to incorporate the recent amendments to the 1976 Constitution into the new Constitution.[3] While the special commission could not redraft the amendments or the new Constitution, which had already been ratified, the wording in either could be altered slightly in order to conform in style and, as necessary, to facilitate incorporation of the new amendments. Thus, we hold the sovereign immunity amendment to the 1976 Constitution, Ga. L. 1982, p. 2546, was properly substituted as Art. I, Sec. II, Par. IX in the 1983 Constitution.

Since the 1983 Constitution provides for the sovereign immunity of the Board of Regents, it follows that the trial court properly granted the board's motion to dismiss.

*Judgment affirmed. Clarke, C. J., Bell, Benham, Fletcher, JJ., and Judge Kenneth B. Followill, Jr., concur; Smith, P. J., dissents; Weltner, J., not participating.*

SMITH, Presiding Justice, dissenting.

I believe that the rule announced in *McCafferty v. Medical College of Ga.*, 249 Ga. 62 (287 SE2d 171) (1982), is still the correct law and controls this case. While the majority urges that *Self v. City of Atlanta*, 259 Ga. 78 (377 SE2d 674) (1989), overruled *McCafferty*, supra, I disagree and note that I dissented to *Self*, supra, in the first instance.

---

[3] Since the 1981 extra session was focused on the proposed new Constitution, it makes sense that the new amendments were proposed to the 1976 Constitution at the next regular session of the General Assembly, and the special commission charged with incorporating the new amendments into the new Constitution. By proceeding in this manner, a second legislative session on the new Constitution was unnecessary.

DECIDED MARCH 1, 1991.

*Jack F. Witcher, John E. Gilchrist, John W. Kilgo,* for appellant.
*Michael J. Bowers, Attorney General, Alfred L. Evans, Jr., Senior Assistant Attorney General,* for appellee.