24099.   SCARLETT et al. v. GEORGIA PORTS AUTHORITY.

SUBMITTED JUNE 12, 1967—DECIDED JUNE 22, 1967.

*Nightingale, Liles & Dennard, B. N. Nightingale,* for appellants.

*Bennet, Gilbert, Gilbert & Whittle, Wallace E. Harrell, Conyers, Fendig, Dickey & Harris, Chris B. Conyers,* for appellee.

NICHOLS, Justice.   1.   The first and controlling question to be decided is whether the Georgia Ports Authority had authority to institute the condemnation proceeding.

The Act of 1957, supra, as amended by the Act of 1962 (Ga. L. 1962, p. 461), which provides a procedure for condemnation wherein a special master is appointed by the superior court to hear and determine the issue, defines a condemning body under such Act as "The State of Georgia or any branch of the government of the State of Georgia or any County, or Municipality, or other political sub-divisions of the State of Georgia or any Housing Authority now or hereafter established which is vested with power of eminent domain."

While the appellee is a creature and instrumentality of the State it is not the State or a branch of the government of the State.   However, even if considered in either of these categories then the condemnation would have to be instituted by the "State

Properties Acquisition Commission" created by the Act of 1965 (Ga. L. 1965, p. 396; *Code Ann. Ch.* 36-1A). The Act creating the Authority declared it to be a "body corporate and politic" and as to such language it was pointed out in *State Ports Authority v. Arnall*, 201 Ga. 713, 722 (41 SE2d 246), wherein such authority was likened to the Regents of the University System, that it was not the State, or a part of the State or an agency of the State but a creature created by the State. See also *International Longshoremen's Assn. v. Georgia Ports Authority*, 217 Ga. 712 (124 SE2d 733). In *Ty Ty Consol. School District v. Colquitt Lumber Co.*, 153 Ga. 426 (112 SE 561), the requisites of a political subdivision, where not expressly created by statute, were set forth.

Even assuming that the appellee, the condemnor in the court below, is authorized to condemn property in its own name for its public purposes, it is not authorized to exercise this power under the "Special Master Act of 1957," supra. See *Richmond County Hospital Authority v. McClain*, 112 Ga. App. 209 (144 SE2d 565), and citations. See also *State Hwy. Dept. v. Hatcher*, 218 Ga. 299 (127 SE2d 803). It necessarily follows that the trial court erred in failing to sustain this objection of the condemnees and in thereafter rendering a judgment placing title to the condemnees' property in the condemnor.

2. The constitutional questions presented by the appellants' enumerations of error will not be passed upon inasmuch as such a determination is not necessary to protect the rights of the parties.

*Judgment reversed. All the Justices concur.*