S95G1719. MILLER et al. v. GEORGIA PORTS AUTHORITY.

(470 SE2d 426)

FLETCHER, Presiding Justice.

The trial court dismissed Stewart and Denise Miller's action against the Georgia Ports Authority for failing to comply with the notice requirements of the Georgia Tort Claims Act.[1] The Court of Appeals affirmed.[2] We granted certiorari to determine whether the Georgia Ports Authority is a "department or agency" of the state that is entitled to the defense of sovereign immunity under Article I, Section II, Paragraph IX of the Georgia Constitution. Relying on both the language and legislative history of this provision, we hold that the Georgia Ports Authority is a state agency entitled to the defense of sovereign immunity. Therefore, we affirm.

In 1990, a majority of voters approved a constitutional amendment that provides for the waiver of the state's sovereign immunity through legislative acts. The amendment provides:

(a) The General Assembly may waive the state's sovereign immunity from suit by enacting a State Tort Claims Act, in which the General Assembly may provide by law for procedures for the making, handling, and disposition of actions or claims against the state and its departments, agencies, officers, and employees, upon such terms and subject to such

---

[1] OCGA §§ 50-21-20 to 50-21-37 (1994).

[2] *Miller v. Ga. Ports Auth.*, 217 Ga. App. 876 (460 SE2d 100) (1995).

conditions and limitations as the General Assembly may provide.

. . .

(e) Except as specifically provided in this Paragraph, sovereign immunity extends to the state and all of its departments and agencies. The sovereign immunity of the state and its departments and agencies can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver.[3]

We have not previously addressed whether the ports authority is part of the state in the context of sovereign immunity.[4]

In interpreting statutes, the cardinal rule of construction is to ascertain the legislative intent, "keeping in view at all times the old law, the evil, and the remedy."[5] Courts should apply the plain meaning to all words, except words of art. All statutes relating to the same subject matter are construed together to ascertain the legislature's intention unless the statutory language is clear.

Applying these ordinary rules of statutory construction, we construe the phrase "state or its departments and agencies" to include the Georgia Ports Authority. The plain meaning of these words encompasses the authority. The dictionary defines the word "agency" as "a department or other administrative unit of government."[6] The 1945 act creating the authority designated it as the "state" ports authority charged with the power to develop, improve, and maintain the harbors and seaports of the state.[7] As the state administrative unit responsible for the state docks, the Georgia Ports Authority is a state agency entitled to sovereign immunity.

This interpretation comports with the General Assembly's intent in passing the 1991 amendment and the Georgia Tort Claims Act.

---

[3] Ga. Const., Art. I, Sec. II, Par. IX (Supp. 1995).

[4] See *Scarlett v. Ga. Ports Auth.*, 223 Ga. 417 (156 SE2d 77) (1967) (holding that ports authority was not a "condemning body" as defined in the special master act); *Intl. Longshoremen's Assn. v. Ga. Ports Auth.*, 217 Ga. 712 (124 SE2d 733) (1962) (holding ports authority was not an "employer" subject to the jurisdiction of the National Labor Relations Board); *State Ports Auth. v. Arnall*, 201 Ga. 713 (41 SE2d 246) (1947) (holding that state appropriation to ports authority violated constitutional prohibition against state debt and other constitutional provisions).

[5] OCGA § 1-3-1 (a) (1990).

[6] Webster's Third New Intl. Dictionary 40; see also Black's Law Dictionary 59 (5th ed. 1979) (defining agency of the United States as a "department, division, or administration within the federal government").

[7] Ga. L. 1945, p. 464.

The 1991 amendment was passed to extend sovereign immunity to all state departments and agencies, regardless of insurance, and to substitute the insurance waiver provision in previous constitutions with a tort claims waiver.[8] Acting under the authority of the 1991 amendment, the legislature enacted the Georgia Tort Claims Act to eliminate the unfairness caused by a strict application of the traditional sovereign immunity doctrine while, at the same time, limiting the state treasury's exposure to tort liability.[9] Thus, when viewed in light of the Georgia Tort Claims Act, the purpose of the 1991 constitutional amendment was to redefine the terms of the state's waiver of its sovereign immunity in two ways: (1) it replaced the insurance waiver with the tort claims waiver; and (2) it limited the tort claims waiver to state government entities.[10]

Unlike the constitutional amendment, however, the tort claims act leaves no ambiguity concerning the meaning of the word "state." Under the bill as originally introduced and as passed by both houses of the General Assembly, the "State" was defined to mean all state governmental entities, regardless of their nomenclature.[11]

> "State" means the State of Georgia and any of its offices, agencies, authorities, departments, commissions, boards, divisions, instrumentalities, and institutions, but does not include counties, municipalities, school districts, other units of local government, hospital authorities, or housing and other local authorities.[12]

By its express terms, the act clarifies that the "State" includes state authorities and instrumentalities, but not local governmental entities, for purposes of waiving sovereign immunity. Our earlier cases distinguishing between instrumentalities of the state and state agencies are not dispositive since both instrumentalities and agencies are included in the act's definition of the state.[13]

Our interpretation today is consistent with previous decisions construing the same phrase. In determining the state departments

---

[8] See *Donaldson v. Dept. of Transp.*, 262 Ga. 49, 50 (414 SE2d 638) (1992).

[9] OCGA § 50-21-21 (a); *City of Thomaston v. Bridges*, 264 Ga. 4, 5 (439 SE2d 906) (1994).

[10] See *Curtis v. Bd. of Regents*, 262 Ga. 226, 227-228 (416 SE2d 510) (1992).

[11] See Charles N. Kelley, Jr., Legislative Review, Georgia Tort Claims Act: Provide a Limited Waiver of Sovereign Immunity, 9 Ga. St. U. L. Rev. 349, 351-352 (1992).

[12] OCGA § 50-21-22 (5); see also id. (6) (defining "State government entity" to mean "a state office, agency, authority, department, commission, board, division, instrumentality, or institution").

[13] *State Ports Auth. v. Arnall*, 201 Ga. at 722 (quoting *State of Ga. v. Regents of the Univ. Sys.*, 179 Ga. 210, 222 (175 SE 567) (1934) ("The university corporation is not the State, or a part of the State, or an agency of the State.").

and agencies that are entitled to sovereign immunity, this Court has never restricted the defense or its waiver to entities with the words "department" or "agency" in their title.[14] Instead, we have held that the terms apply to state political subdivisions and governmental entities, including the Board of Regents of the University System of Georgia[15] and counties.[16] Likewise, we have held that the phrase in the 1991 amendment does not apply to municipalities or local hospital authorities because they are neither the state nor a department or agency of the state.[17]

Based on the language and legislative history of the 1991 constitutional amendment and the tort claims act, we hold that the Georgia Ports Authority is a state "department or agency" that is entitled to the defense of sovereign immunity under Art. I, Sec. II, Par. IX of the Georgia Constitution. Because the state has waived its immunity by enacting the Georgia Tort Claims Act, the Georgia Ports Authority may be liable for the torts of state officers and employees while acting within the scope of their official duties or employment.[18]

*Judgment affirmed. All the Justices concur, except Sears and Carley, JJ., who dissent.*

CARLEY, Justice, dissenting.

The majority disregards our recent decision in *Thomas v. Hosp. Auth. of Clarke County*, 264 Ga. 40 (440 SE2d 195) (1994), misapprehends the nature of the Georgia Ports Authority (Authority), and incorrectly relies on the Georgia Tort Claims Act (GTCA). Therefore, I must respectfully dissent.

In determining the scope of the defense of sovereign immunity, this Court has narrowly defined "what constitutes the state or a political division thereof, distinguishing the state and its political subdivisions from instrumentalities created by the state to carry out various functions." *Thomas v. Hosp. Auth. of Clarke County*, supra at 41 (1). In *Thomas*, this Court reaffirmed and relied on the principle that a state authority is neither the state nor a part of the state, but is a mere creature of the state. *Thomas*, supra at 42 (1). Under this narrow definition, the Authority is not properly afforded the defense of

---

[14] See, e.g., *Hiers v. City of Barwick*, 262 Ga. 129, 131 (414 SE2d 647) (1992) (holding that provision in 1983 constitution waiving sovereign immunity to the extent of insurance applies to municipalities).

[15] See *Wilson v. Bd. of Regents*, 262 Ga. 413, 414 (419 SE2d 916) (1992); *Pollard v. Bd. of Regents*, 260 Ga. 885, 887 (401 SE2d 272) (1991).

[16] *Gilbert v. Richardson*, 264 Ga. 744, 747 (452 SE2d 476) (1994); *Toombs County v. O'Neal*, 254 Ga. 390, 391 (330 SE2d 95) (1985); *Nelson v. Spalding County*, 249 Ga. 334, 335 (290 SE2d 915) (1982).

[17] See *Thomas v. Hosp. Auth. of Clarke County*, 264 Ga. 40 (440 SE2d 195) (1994); *City of Thomaston*, 264 Ga. at 7.

[18] See OCGA § 50-21-23.

sovereign immunity since the Authority is not the state or a department of the state or an agency of the state, but an entity created by the state. See *Scarlett v. Ga. Ports Auth.*, 223 Ga. 417, 418 (1) (156 SE2d 77) (1967); *Intl. Longshoremen's Assn. v. Ga. Ports Auth.*, 217 Ga. 712, 716 (1) (a) (124 SE2d 733) (1962); *State Ports Auth. v. Arnall*, 201 Ga. 713, 722 (1) (41 SE2d 246) (1947).

Because the Authority is not an agency or department of the state, "the nature of its function is irrelevant. . . ." *Thomas*, supra at 42 (1). As a mere instrumentality of the state, the Authority is not entitled to the protection of sovereign immunity. See *Thomas*, supra at 42 (1). Indeed, the Authority was established as a separate, self-sufficient entity, and the General Assembly is not required to appropriate any funds either to satisfy debts of the Authority or to pay any of the Authority's costs of operation. *State Ports Auth. v. Arnall*, supra at 722 (1), 728 (2). Accordingly, any judgment against the Authority is not an obligation of the state, and extension of sovereign immunity to the Authority is not necessary to protect "the public purse." See *Thomas*, supra at 43-44 (2). Similarly, extension of sovereign immunity to the Authority is not necessary to allow the state "to go about the business of governing without the harassment of lawsuits which would unnecessarily impede the process of governing." *Thomas*, supra at 42 (2).

Reliance on the express inclusion of "authorities" in the GTCA, OCGA § 50-21-22 (5), is misplaced. The GTCA serves simply as a statutory waiver of the constitutional defense of sovereign immunity and does not purport to delineate those entities to which that defense is available. OCGA § 50-21-23. Thus, the GTCA affects only those entities to which sovereign immunity would otherwise apply and does not, therefore, furnish a guide for interpreting Art. I, Sec. II, Par. IX (e) of the 1983 Georgia Constitution.

It follows that, in my opinion, the judgment of the Court of Appeals should be reversed.

I am authorized to state that Justice Sears joins in this dissent.

DECIDED APRIL 16, 1996.

*Lester B. Johnson, Adams & Ellis, George L. Lewis,* for appellants.

*Michael J. Bowers, Attorney General, Daniel M. Formby, Deputy Attorney General, John B. Ballard, Ray O. Lerer, Senior Assistant Attorneys General, George S. Zier, Assistant Attorney General, Ranitz, Mahoney, Coolidge & Mahoney, Thomas J. Mahoney, Jr.,*

*Thomas J. Mahoney III,* for appellee.