## A05A1022. GAMBELL v. GEORGIA PORTS AUTHORITY.
### (622 SE2d 464)

BERNES, Judge.

Lynwood Gambell appeals from the dismissal of his complaint for monetary damages brought against the Georgia Ports Authority ("GPA"). Because we conclude that Gambell does not have a viable cause of action against the GPA under either the Georgia Tort Claims Act (OCGA § 50-21-20 et seq.) or the Georgia Constitution, we affirm.

Gambell's complaint alleges that on October 20, 2000, Gambell, a truck driver, entered the GPA's terminal located on the Savannah River to deliver a load of cargo. During the course of the delivery, Gambell became involved in an altercation with a GPA employee, who allegedly assaulted him. As a result of the altercation, the GPA barred Gambell from its Savannah River terminal for 30 days. Because his sole means of livelihood was the delivery of goods to the terminal on behalf of his employer, Gambell allegedly suffered severe economic loss as a result of being barred from the terminal.

Gambell subsequently filed suit against the GPA seeking monetary damages for the alleged violation of his due process rights under state law.[1] Gambell contended that his due process rights were violated because he was barred from the GPA's terminal without a hearing. The GPA timely answered and moved for dismissal, arguing

[1] Gambell did not include in his complaint any federal constitutional claims brought pursuant to 42 USC § 1983. Nor did Gambell seek an injunction or other prospective equitable relief against the GPA.

that it was entitled to the defense of sovereign immunity under the Georgia Constitution and the Georgia Tort Claims Act. The GPA also argued that Gambell's complaint should be dismissed because he failed to comply with the ante litem notice provisions of the Georgia Tort Claims Act (OCGA § 50-21-26). The trial court granted the GPA's motion and dismissed the complaint.

1. On appeal, Gambell contends that he has pled a viable claim for monetary damages against the GPA under the Georgia Tort Claims Act and, therefore, that the doctrine of sovereign immunity does not bar his suit.[2] In this regard, Gambell argues that none of the statutory exceptions to the State's waiver of sovereign immunity found in the Act (OCGA § 50-21-24) apply to the facts as alleged in his complaint.

We need not reach Gambell's substantive argument. Pretermitting whether any of the statutory exceptions contained in the Georgia Tort Claims Act apply in this case, we conclude that any claim that Gambell may have had under the Act is procedurally barred. As the trial court found, Gambell failed to comply with the ante litem notice provisions of the Act (OCGA § 50-21-26). "The explicit ante litem notice provision . . . is ignored only at peril to a plaintiff's cause of action" and serves as a condition precedent for bringing suit under the Act. *Howard v. State of Ga.*, 226 Ga. App. 543, 545 (1) (487 SE2d 112) (1997). Accordingly, the trial court properly granted the GPA's motion to dismiss as to any claim Gambell potentially had under the Georgia Tort Claims Act.

2. Gambell asserts that even if he does not have a viable claim under the Georgia Tort Claims Act, he has a separate cause of action for monetary damages that he can pursue under either the due process or eminent domain provisions of the Georgia Constitution. See Ga. Const. of 1983, Art. I, Sec. I, Par. I and Art. I, Sec. III, Par. I (a). It is true that "[s]ince the recovery of just and adequate compensation for private property which is taken for public purposes is itself an express constitutional right, sovereign immunity is not a viable bar to an action to enforce that right." *State Bd. of Ed. v. Drury*, 263 Ga. 429, 430 (1) (437 SE2d 290) (1993). "In order for damages to be recoverable [under such a] theory, however, some element of . . . '*private property*' must have been taken . . . for a public purpose." (Punctuation omitted; emphasis supplied.) Id. at 431 (1). See also *Premo v. Ga. Ports Auth.*, 227 Ga. App. 27, 28-29 (3) (488 SE2d 106) (1997). Thus, in order to recover under this theory, Gambell would

---

[2] The GPA is a state agency and thus is entitled to sovereign immunity except where the General Assembly has enacted a statutory provision (such as the Georgia Tort Claims Act) waiving state immunity under certain specific circumstances. See *Miller v. Ga. Ports Auth.*, 266 Ga. 586 (470 SE2d 426) (1996).

have to allege facts showing that he had an enforceable private property interest that was improperly taken from him by the GPA.

Our review of Gambell's complaint leads us to conclude that he has failed to allege facts showing an enforceable property interest as that term is understood in our due process and eminent domain jurisprudence. Gambell alleges that he was barred from entering the GPA's terminal for 30 days. However, Gambell fails to allege facts showing that he had a permit, license, or other contractual right entitling him to enter or make deliveries to the terminal which the GPA could not revoke at will. Rather, he simply alleges that his inability to enter the terminal for 30 days jeopardized his livelihood. "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." (Citation and punctuation omitted.) *Pace v. Smith*, 248 Ga. 728, 732-733 (3) (286 SE2d 18) (1982). This Gambell has failed to show through the facts as alleged. As such, the trial court properly dismissed Gambell's claim brought pursuant to the Georgia Constitution.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED OCTOBER 26, 2005.

*Steven E. Scheer*, for appellant.

*Thurbert E. Baker, Attorney General, John C. Jones, Senior Assistant Attorney General, David E. Langford, Assistant Attorney General*, for appellee.