**FIRST DIVISION**
**BARNES, P. J.,**
**MERCIER and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**August 13, 2019**

# In the Court of Appeals of Georgia

A19A1159. BAILEY v. GEORGIA WORLD CONGRESS CENTER et al.

BROWN, Judge.

Andrea Bailey appeals from the dismissal of her negligence action against the Georgia World Congress Center Authority ("GWCCA"). Because we conclude that Bailey did not satisfy the requirements of the Georgia Tort Claims Act ("GTCA"), we affirm.

Bailey's complaint alleges that on October 11, 2015, she suffered injuries while attending a National Football League game at the Georgia Dome when the escalator on which she was riding malfunctioned. In particular, Bailey alleges that GWCCA's failure to maintain or inspect the escalator caused her injuries. Bailey filed a renewal action against the GWCCA, as operator of the Georgia Dome, on May 11, 2018.

Several days later, in an effort to comply with the ante-litem notice provisions of OCGA §§ 50-21-26 and 50-21-35, Bailey amended her complaint, attaching notices of her claim directed to the Attorney General and the "Director of Risk Management Administrative Service" of the "Department of Administrative Services." The GWCCA timely answered and moved to dismiss the complaint, arguing that Bailey failed to comply with the strict ante-litem notice provisions of the GTCA. Specifically, GWCCA pointed out that Bailey failed to attach a notice of claim directed to the GWCCA. Subsequently, Bailey filed a second amendment to her complaint, attaching a copy of her notice of claim directed to the GWCCA.

After considering Bailey's second amendment to her complaint, the trial court denied in part the GWCCA's motion to dismiss, finding that Bailey had cured any deficiencies regarding the filing of the notices. GWCCA then filed a supplemental brief in support of its motion to dismiss, arguing that while Bailey cured the notice filing requirement, her actual ante-litem notice failed to comply with the strict requirements of OCGA § 50-21-26 because it did not sufficiently describe the nature of the losses raised in her complaint. Following a hearing, the trial court granted the motion to dismiss, agreeing that Bailey's ante-litem notice failed to comply with the

requirements of OCGA § 50-21-26. We review this ruling under the de novo standard of review. *DeFloria v. Walker*, 317 Ga. App. 578, 579 (732 SE2d 121) (2012).

Bailey makes two arguments on appeal. First, she contends that sovereign immunity does not bar her action because none of the statutory exceptions of OCGA § 50-21-24 apply to her case. In this regard, Bailey argues that under OCGA § 50-21-24 (8),[1] she is authorized to sue the State because it owned and operated the Georgia Dome at the time of her injury. Second, Bailey argues that the trial court erred in not finding that her ante-litem notice meets the requirements of the GTCA because it states the nature of losses, including medical expenses, lost wages, intentional infliction of emotional distress, and loss of consortium, and also states a specific

---

[1] OCGA § 50-21-24 provides that,

[t]he state shall have no liability for losses resulting from: . . . Inspection powers or functions, including failure to make an inspection or making an inadequate or negligent inspection of any property *other than property owned by the state* to determine whether the property complies with or violates any law, regulation, code, or ordinance or contains a hazard to health or safety[.]

(Emphasis supplied.) OCGA § 50-21-24 (8).

damages amount. Because we agree with the trial court's conclusion, however, we need not reach Bailey's first argument.

The GTCA "prohibits any person . . . from bringing a tort action against the [S]tate without first giving notice to the [S]tate of the claim. The statute provides that no court shall have jurisdiction until a written notice of claim has been timely presented to the [S]tate as provided in [OCGA § 50-21-26] (a)." *Williams v. Georgia Dept. of Human Resources*, 272 Ga. 624 (532 SE2d 401) (2000). Indeed, "[t]he explicit ante[-]litem notice provision is ignored only at peril to a plaintiff's cause of action and serves as a condition precedent for bringing suit under the Act." (Citation and punctuation omitted.) *Gambell v. Georgia Ports Auth.*, 276 Ga. App. 115, 116 (1) (622 SE2d 464) (2005). OCGA § 50-21-26 (a) (5) provides that a notice of claim shall state the following:

> (A) The name of the state government entity, the acts or omissions of which are asserted as the basis of the claim; (B) The time of the transaction or occurrence out of which the loss arose; (C) The place of the transaction or occurrence; (D) The nature of the loss suffered; (E) The amount of the loss claimed; and (F) The acts or omissions which caused the loss.

4

Strict compliance with these provisions is required; substantial compliance is not sufficient. See *Williams*, 272 Ga. at 624.

> As we have previously explained, substantial compliance is not strict compliance. Strict compliance is exactly what it sounds like: strict. That said, we have repeatedly emphasized that the rule of strict compliance does not demand a hyper-technical construction that would not measurably advance the purpose of the GTCA's notice provisions as reflected by the plain meaning of the relevant statutory text. Nevertheless, if the ante-litem notice requirements are not met, then the State does not waive sovereign immunity, and the trial court lacks subject-matter jurisdiction over the case.

(Citations and punctuation omitted.) *Williams v. Wilcox State Prison*, 341 Ga. App. 290, 292 (1) (799 SE2d 811) (2017). See also *Bd. of Regents of the Univ. System of Georgia v. Myers*, 295 Ga. 843, 845-846 (764 SE2d 543) (2014).

Bailey's ante-litem notice provides as follows:

> [Attorney] has been retained to represent . . . Bailey relating to her negligence and premise[s] liability claims arising from the Georgia Dome's employees, agents and employees' failure to warn of dangers relating to the premises and to maintain premises in a safe condition and failed to warn or/and maintain and prevent its escalator from malfunction on October 11, 2015. The event took place at 1 Georgia Dome Dr[.], Atlanta, GA 30313. As a result, Ms. Bailey has suffered personal injuries, present and pas[t] medical damages, present and future

5

> los[t] wages, [i]ntentional [i]nfliction of [e]motion[al] [d]istress, los[s]
> of consortium[,] and other damages in excess of $6 million dollars.

The GWCCA contends that Bailey has failed to comply with OCGA § 50-21-26 (a) (5) (D) because her notice does not detail the type of injury or injuries she allegedly suffered. We agree. While Bailey's ante-litem notice specifies an amount of damages and indicates that she suffered various general types of damage and injury, it does not describe the nature of those injuries or provide any details regarding the type of injury or injuries she allegedly sustained. See *Camp v. Coweta County*, 271 Ga. App. 349, 354 (3) (609 SE2d 695) (2005) (ante-litem notice insufficient where plaintiff failed to name GDOC in notice or provide proof that GDOC was mailed notice; notice also failed to specify place or time of incident or *the nature of the plaintiff's injuries*), rev'd on other grounds, *Camp v. Coweta County*, 280 Ga. 199 (625 SE2d 759) (2006). See, e.g., *Williams*, 341 Ga. App. at 294 (1) (ante-litem notice insufficient to specify nature of loss where plaintiff stated generally that she "sustained serious injuries"); *Colvin v. City of Thomasville*, 269 Ga. App. 173, 174 (603 SE2d 536) (2004) (summary judgment in favor of municipality under OCGA § 36-33-5 proper where ante-litem notice failed to state when or where incident took place, extent of the alleged injuries, or what alleged negligence on the part of the municipality caused

6

the incident). Similar to *Williams*, Bailey's ante-litem notice stated that she expected her damages to exceed $6,000,000, but provided no information about the specific injuries causing this alleged amount of damage.

Because Bailey failed to strictly comply with the notice requirements of OCGA § 50-21-26 (a) (5), the trial court correctly found that it lacked subject-matter jurisdiction over her complaint. See *Williams*, 341 Ga. App. at 294 (1). We, therefore, affirm the dismissal of Bailey's complaint on this procedural ground and need not address her substantive argument. See *Gambell*, 276 Ga. App. at 116 (1) (affirming dismissal of plaintiff's complaint for failure to comply with OCGA § 50-21-26, and declining to reach plaintiff's substantive argument that the doctrine of sovereign immunity does not bar his claim).

*Judgment affirmed. Barnes, P. J., and Mercier, J., concur*.